# HUSCH BLACKWELL

Christopher A. Smith
Partner

190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Direct: 314.480.1836
Fax: 314.480.1505
chris.smith@huschblackwell.com

February 4, 2020

**VIA ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

<span style="color:blue">The Court sees no need for a conference or a formal motion at this time. To the extent that the parties' dispute is over the relevance of the information at issue, the Court concludes that NYCTA has the better of the argument. Put simply, Express Scripts's knowledge (or lack thereof) of the alleged similar fraud in connection with the Tricare account is relevant - within the broad meaning of that term for purposes of Rule 26 - to the issues in this case, including but not limited to whether Express Scripts knew or should have known about the alleged fraud in connection with NYCTA's account. Accordingly, at lease *some* discovery into the matters raised by NYCTA is appropriate. The Court reserves judgment on any other objections that Express Scripts may have to the requested discovery. The Clerk of Court is directed to terminate Docket No. 63. SO ORDERED.</span>

<span style="color:blue">February 6, 2020</span>

Re: *New York City Transit Authority v. Express Scripts, Inc.*,
No. 1:19-cv-05196-JMF (S.D.N.Y.)

Dear Judge Furman:

On behalf of Defendant Express Scripts, I write in response to Plaintiff NYCTA's letter-motion request (Dkt. 63) for an informal conference regarding discovery into Express Scripts' contractual relationship with non-party Tricare, the U.S. Department of Defense's healthcare program for military servicemembers, retirees, and their families.

The parties' dispute concerns two NYCTA requests that seek substantial discovery into Express Scripts' conduct under its materially different Tricare contract:

> 35. All Documents and Communications concerning fraudulent compound prescription claims under the Department of Defense Tricare prescription drug benefit plan.
>
> 36. All Documents and Communications concerning ESI's adjustments to any of its 'Fraud, Waste, and Abuse' protocols in response to the fraudulent compound prescription drug claims submitted under the Tricare prescription drug benefit plan, as alleged in paragraph 46 of the Amended Complaint, including internal deliberations on how any such protocols should be adjusted.

NYCTA seeks to compel Express Scripts to provide this information—information about Express Scripts' performance under a completely different contract with different obligations—despite a total failure to articulate why this discovery is relevant to Express Scripts' performance under its contract with NYCTA.[1]  What Express Scripts agreed (or did not agree) to do under its earlier Tricare contract, which well predates the NYCTA contract, has absolutely no bearing on whether Express Scripts breached its contract with NYCTA.  Any contractual duty Express Scripts owed to Tricare is wholly independent of (and irrelevant to) any contractual duty Express Scripts owed to NYCTA.  Rather, the duties Express Scripts owed to NYCTA are governed solely by the contract between the parties.  NYCTA cannot look outside the contract it drafted to find some wished-for duty that may or may not exist in a separate contract.

Courts agree.  In breach of contract actions like this one, parties' conduct under contracts with non-parties is irrelevant.  *World Wrestling Fed'n Entm't, Inc. v. William Morris Agency, Inc.*, 204 F.R.D. 263 (S.D.N.Y. 2001) is on point.  There, plaintiff brought a breach of contract action against defendant advertising agency and sought to compel production of documents regarding how defendant performed under its contracts with other clients in plaintiff's industry—entertainment.  The Court denied plaintiff's motion to compel because:  (1) what is relevant to a breach of contract claim is the transaction between the contracting parties, not transactions between one of the contracting parties and third parties; and (2) even where the third parties are similarly situated (*e.g.*, within the same industry), treatment of one contracting party neither illuminates nor is relevant to how another contracting party is treated.  204 F.R.D. at 264-65.

Other courts are in full accord that discovery into parties' performance of contracts with non-parties is irrelevant in a breach of contract action.[2]

---

[1] Even assuming *arguendo* some relevance to these requests—and there is absolutely none—they are further objectionable because the subject matter of the requests relates to a contract with the Department of Defense that is subject to numerous security restraints.  In addition, the requests are completely overbroad (*e.g.*, "all documents and communications").  Should the Court require formal briefing on NYCTA's requests, Express Scripts will expand on each of these objections.

[2] *See, e.g.*, *Bagley v. Yale Univ.*, 315 F.R.D. 131, 141 (D. Conn. 2016) (denying motion to compel discovery into Yale's conduct under contracts with similarly situated individuals); *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, 300 F.R.D. 684, 691 (D. Kan. 2014) (denying motion to compel

The cases cited by NYCTA are inapposite.  At most, they hold that there may be limited situations where discovery into other actual contracts—but *not* entire contractual relationships—*could* be relevant.[3]  Yet the reasoning of these cases has no application here.  NYCTA has not articulated any relevance as to the Tricare contract.  NYCTA has not alleged that it relied on the Tricare contract in drafting its contract with Express Scripts.  Nor has NYCTA alleged that there is some contractual ambiguity in its contract with Express Scripts that the Tricare contract will help resolve.  Rather, NYCTA seeks voluminous document discovery, regarding Express Scripts' performance under the Tricare contract, to somehow help establish that Express Scripts breached a provision of its contract with NYCTA.  This is nonsense.  If NYCTA's theory were adopted, then every breach of contract action would involve discovery into the parties' performance under unrelated, third-party contracts.  This theory is not supported by the law, and it would create an absurd result.

Because there are no grounds for the ultimate relief NYCTA seeks, authorizing NYCTA to file a motion to compel is an inefficient use of the parties' resources and the Court's.  The documents sought by NYCTA are facially irrelevant, and discovery as to the same should be denied.

Respectfully submitted,

/s/ Christopher A. Smith
Christopher A. Smith

---

discovery into whether defendant had breached, or been accused of breaching, its duties under other similar contracts); *U.S. v. Kellogg Brown & Root Servs., Inc.*, 284 F.R.D.22, 37-39 (D.D.C. 2012) (holding that government's dealings under defense contracts similar to plaintiff's were irrelevant to resolution of government's breach of contract claim).

[3] *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 364-65 (S.D.N.Y. 2010); *Pentair Water Treatment (OH) Co. v. Cont'l Ins. Co.*, No. 08 Civ. 3604(BSJ)(JCF), 2009 WL 3817600, at *3 (S.D.N.Y. Nov. 16, 2009); *Am. Eagle Outfitters, Inc. v. Payless Shoesource, Inc.*, No. CV 07-1675(ERK)(VVP), 2009 WL 152712, at *3 (E.D.N.Y. Jan. 21, 2009) (all holding that similar contracts—but *not* the parties' dealings thereunder—may be relevant to resolve ambiguities in the contract at issue).