# HUSCH BLACKWELL

Sarah C. Hellmann
Partner

190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
Direct: 314.480.1920
Fax: 314.480.1505
chris.smith@huschblackwell.com

February 1, 2021

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re:   *New York City Transit Authority v. Express Scripts, Inc.*
             No. 1:19-cv-05196-JMF (S.D.N.Y.)

Dear Judge Furman:

      On behalf of Defendant Express Scripts, Inc. ("Express Scripts"), and pursuant to Local Civil Rule 37.2 and Paragraph 2.C. of the Court's Individual Rules and Practices in Civil Cases, I write to request an informal conference with the Court about an ongoing discovery dispute with Plaintiff New York City Transit Authority ("NYCTA").  The parties have met and conferred extensively in writing over the weekend and this morning to try to resolve matters but have not been able to reach an agreement.

      On November 20, 2020, and pursuant to a request by NYCTA, this Court extended the deadline for expert discovery to February 15, 2021.  (Doc. No. 89).  In accordance with this deadline, the parties agreed that affirmative expert reports would be submitted on January 11, 2021 and rebuttal expert reports would be submitted on February 2, 2021.  Thereafter, on January 11, 2021, NYCTA identified its expert, Susan Hayes, and submitted her expert report.  Ms. Hayes' deposition is scheduled for February 9, 2021.  Additionally, although Express Scripts has not yet identified its rebuttal expert or provided a report, the parties have agreed that the deposition of this expert will take place on February 15, 2021.

      On the evening of January 29, 2021—one business day before Express Scripts' rebuttal report was due—NYCTA provided Express Scripts with a purported Supplemental Expert Report of Susan Hayes (the "Supplemental Report"). NYCTA did not seek leave or provide Express Scripts with any indication or notice that it would be providing a Supplemental Report. This timing has put Express Scripts in a bind considering its rebuttal expert report is due tomorrow – February 2, 2021.

**HUSCH BLACKWELL**

The Supplemental Report contains additional bases for Ms. Hayes opinion.  <u>First</u>, the Supplemental Report relies on the additional information Express Scripts provided to NYCTA regarding certain pharmacy and prescriber investigations.[1]  <u>Second</u>, the Supplemental Report relies on the prescription claims data of NYCTA's members.  Based on her review of this claims data, Ms. Hayes makes findings regarding specific prescriptions received by certain NYCTA's members.  NYCTA did not produce this voluminous claims data in the litigation and only produced it in conjunction with the Supplemental Report on the eve of Express Scripts' rebuttal deadline.  Additionally, NYCTA offered no explanation as to why Ms. Hayes did not undertake this data analysis prior to submitting her expert report on January 11, 2021.

Under Rule 26(a)(2) of the Federal Rules of Civil Procedure, an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26.  Rule 26(e) requires that "a party supplement or correct its disclosure in the limited circumstance that the party discovers that a disclosure made under Rule 26(a) is in some material respect . . . incomplete or incorrect."  *In re Bear Stearns Cos., Inc. Securities Derivative, and ERISA Litigation*, 263 F. Supp. 3d 446, 451 (S.D.N.Y. 2017) (internal quotations omitted); *see also Simo Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 354 F. Supp. 3d 508, 510 (S.D.N.Y. 2019) (stating that the duty to supplement "arises when the [party] subsequently learns of information that was previously unknown or unavailable and the new information renders the earlier report incomplete or inaccurate.").  When a party fails to comply with Rule 26(a) or (e), the party is not allowed to use that information as evidence at trial unless the failure was substantially justified or harmless.  *In re Bear Stearns Cos.*, 263 F. Supp. 3d at 451 (citing Fed. R. Civ. P. 37(c)(1)).

Importantly, Rule 26 "does not grant a license to supplement because a party <u>wants to</u>, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or inaccurate."  *Simo Holdings, Inc.*, 354 F. Supp. 3d at 510 (emphasis in original) (finding that supplemental report was not timely since party failed to disclose what they learned after the initial filing that made the report inadequate).  Moreover, expert witnesses "are not free to continually bolster, strengthen, or improve their reports by endlessly researching issues they already opined upon, or to continually supplement their opinions."  *In re Bear Stearns Cos.*, 263 F. Supp. 3d at 451.  Rule 26(e) should not be read as a "vehicle to permit a party to serve a deficient opening report and then remedy the deficiency through the expedient of a supplemental report.  *Id*. (internal quotations omitted).

NYCTA has not offered any explanation as to why the Supplemental Report is appropriate under Rule 26(e), including why the additional bases for Ms. Hayes' opinions were not known or available prior to submitting its initial report.  While Rule 37 of the Federal Rules

---

[1] This Court ordered that Express Scripts produce additional data fields regarding pharmacy investigations and information relating to investigations of prescribers.  (Doc. No. 95). Express Scripts had previously offered to produce this information and did in fact produce it on January 11, 2021 in accordance with this Court's order.  This information was produced several hours before Express Scripts received Ms. Hayes' expert report.

**HUSCH BLACKWELL**

of Civil Procedure clearly allows this Court to exclude the Supplemental Report, Express Scripts is not seeking this remedy at this time. Rather, Express Scripts' only request is that it be allowed to have until February 11, 2021 to submit its rebuttal expert report (an extension of seven (7) business days), which will provide Express Scripts and its expert with an opportunity to review the Supplemental Report, including the massive amount of data that was not produced prior to January 29, 2021.[2] Express Scripts has suggested that the depositions remain as scheduled, which will allow the parties to complete expert discovery by the Court ordered deadline of February 15, 2021.

NYCTA has rejected this request, claiming that it is entitled to supplement its expert report at any time up until pre-trial disclosures are due. NYCTA has also taken the position that the sequence of expert discovery should remain the same, regardless of its untimely disclosure, suggesting, for example, that Express Scripts provide a supplemental rebuttal report at a later date and move depositions to accommodate NYCTA's preferred sequencing. Express Scripts should be permitted adequate time to fully evaluate the Supplemental Report before submitting *any* report, and it should not be required to respond to Plaintiff's expert report in stages, particularly since the only reason that this situation exists is due to Plaintiff's untimely expert report and its failure to comply with Rule 26(a)(2).

When this Court extended expert discovery until February 15, 2021 at NYCTA's request, it warned the parties that "future extensions are not likely to be granted." (Doc. No. 89). Express Scripts requests that this Court allow Express Scripts until February 11, 2021 to provide its rebuttal expert report and that the depositions proceed as already agreed upon by the parties and as scheduled. This accommodation will allow the expert discovery to be completed within the existing Court ordered deadline, as well as minimize the prejudicial effect of NYCTA's untimely Supplemental Report.

Respectfully submitted,

/s/ *Sarah C. Hellmann*

Sarah C. Hellmann

---

[2] NYCTA produce over 4 GB of data, consisting of zipped files and excel spreadsheets. Given the amount of data, it is not entirely clear at this point what is contained therein.