# HUSCH BLACKWELL

Elizabeth A. Bozicevic
Partner

190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Direct: 314.480.1844
Fax: 314.480.1505
elizabeth.bozicevic@huschblackwell.com

May 13, 2021

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

    Re:    *New York City Transit Authority v. Express Scripts, Inc.*
                No. 1:19-cv-05196-JMF (S.D.N.Y.)

Dear Judge Furman:

On behalf of Defendant Express Scripts, Inc. ("Express Scripts"), and pursuant to Section 6 of the S.D.N.Y.'s Electronic Case Filing Rules and Section 7 of the Court's Individual Rules and Practices in Civil Cases, I write to explain Express Scripts' bases for asking Plaintiff New York City Transit Authority ("NYCTA") to file certain exhibits attached to its recent filings in redacted format or under seal.

On May 10 and May 11, 2021, NYCTA filed its opposition to Express Scripts' motion for summary judgment (Doc. #123), its response to Express Scripts statement of undisputed facts in support of summary judgment and counterstatement of material facts (Doc. #128), its opposition to Express Scripts' motion to exclude NYCTA's expert Susan Hayes (Doc. #124), and declarations from NYCTA counsel Maximillian Shifrin attaching exhibits in support of the other filings (Docs. #122, #126, #127).

Prior to filing its exhibits, NYCTA met and conferred with Express Scripts regarding their potential confidentiality, and Express Scripts requested that NYCTA file a small number of exhibits redacted or under seal in order to preserve certain confidential information. NYCTA did not object to Express Scripts' request, and NYCTA filed a letter request to redact and seal along with the redacted and sealed exhibits. (Doc. #121).

Specifically, Express Scripts asked that NYCTA file the following **under seal**, and it seeks leave from the Court to allow the following to remain under seal:

- Exhibit 26 to the Declaration of Maximillian S. Shifrin (Doc. #122), which was previously marked as NYCTA Ex. 115 and produced under seal at Doc. #126-2. This document lists all investigations that Express Scripts performed of over thirty pharmacies in its network, the outcomes of those investigations, and any current monitoring that Express Scripts continues to do of pharmacies remaining in its network. Some investigations remain open. To ensure the protection and integrity of the ongoing investigations and monitoring, Express Scripts asks that this document remain sealed. Additionally, to the extent investigations had no findings, Express Scripts does not want to damage the reputations of pharmacies who were cleared.

- Exhibit 27 to the Declaration of Maximillian S. Shifrin (Doc. #122), which was previously marked as NYCTA Ex. 116 and produced under seal at Doc. #126-3. This document lists all investigations that Express Scripts performed of over twenty physicians who provided services to members of NYCTA's benefit plan, the outlines of those investigations, and any current monitoring that Express Scripts continues to do of said physicians. Express Scripts asks to maintain the confidentiality of this document for the same reasons outlined above with regard to the pharmacies investigated.

- Exhibit 32 to the Declaration of Maximillian S. Shifrin (Doc. #122), which was produced at Express_Scripts_1095_00007690 and produced under seal at Doc. #126-4. This document provides the details of an investigation of one physician in a report that Express Scripts provides to clients in its Enhanced Fraud, Waste & Abuse program.

Express Scripts asked that NYCTA file the following **redacted** and seeks leave from the Court to allow the following to remain redacted**:**

- Exhibit 44 to the Declaration of Maximillian S. Shifrin (Doc. #122-44), which was produced at Express_Scripts_1095_00095242. The information Express Scripts seeks to redact is either (1) detailed descriptions of proprietary and confidential Express Scripts programs, or (2) detailed pricing information from which competitive knowledge of Express Scripts' pricing can be deduced. Express Scripts previously sought leave to redact the same information in exhibits to Express Scripts' summary judgment motion. (*See* letter motion at Doc. #108,

- referring to summary judgment Ex. 14 (Doc. #112-16) and motion to strike expert Exs. 5 (Doc. #115-5) and 6 (Doc. #115-6, #115-7)).

- Exhibit 7 to the Declaration of Maximillian S. Shifrin (Doc. #122-7), which was produced at AONNYCTAESI-0002271. Express Scripts seeks leave to redact detailed pricing information from which Express Scripts' confidential pricing can be deduced. The charts redacted in this exhibit were incorporated into NYCTA's expert report, and Express Scripts previously sought leave to redact the same information as contained in the expert report. (*See* letter motion at Doc. #108, referring to motion to strike expert Ex. 1 (Doc. #115-1)).

Good cause exists for filing the documents described herein either under seal or redacted:

- **Confidential pricing information, discussion of proprietary programs, and confidential reporting formats.** *See SOHC Inc. v. Zentis Sweet Ovations Holding LLC*, No. 14-CV-2270 (JMF), 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (finding that plaintiff had shown a sufficient basis to justify its proposed redactions to "specific 'financial figures' . . . which [we]re not relevant to the parties' legal dispute and implicate legitimate privacy interests"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); Fed. R. Civ. P. 26(c)(1)(G) (permitting issuance of a protective order, for good cause, to prevent disclosure of "a trade secret or other confidential research, development, or commercial information").

- **Information regarding ongoing investigations and monitoring.** The information that Express Scripts seeks to file under seal is similar to that commonly protected by the law enforcement privilege. Although Express Scripts' fraud, waste and abuse investigators are not technically law enforcement, the rationale for protecting the confidentiality of the information remains the same: to protect investigational "techniques and procedures" that could endanger and interfere with investigations. *See In re City of New York*, 607 F.3d 923, 944 (2d Cir. 2010); *In re Dep't of Investigation v. City of New York*, 856 F.2d 481, 484 (2d Cir. 1988). Production of these materials to NYCTA in this lawsuit did not substantially risk the disclosure of these investigations, but publicly filing does, which is why Express Scripts seeks their protection.

Express Scripts has worked to limit the information filed under seal or redacted as narrowly as possible, while still preserving the confidentiality interests of the parties and the non-parties referenced within the documents. Although all documents referenced herein were marked as "Confidential" or "Highly Confidential" by a party or third party, that is not the only basis for Express Scripts' request. Rather, the documents so marked contain information that warrants protection.

Accordingly, Express Scripts respectfully asks that the Court maintain the confidentiality protections of the documents filed by NYCTA, and asks that those documents be allowed to remain under seal and redacted.

Respectfully submitted,

/s/ *Elizabeth A. Bozicevic*

Elizabeth A. Bozicevic

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF Nos. 121 and 129. SO ORDERED.

May 13, 2021