**HUSCH BLACKWELL**

Christopher A. Smith
Partner

190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
Direct: 314.480.1836
Fax: 314.480.1505
chris.smith@huschblackwell.com

March 8, 2022

**VIA ECF**
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re:   *New York City Transit Authority v. Express Scripts, Inc.*
              No. 1:19-cv-05196-JMF (S.D.N.Y.)

Dear Judge Furman:

      On behalf of Defendant Express Scripts, Inc. ("Express Scripts"), I write to address an issue remaining following the Court's entry of its Opinion and Order on Express Scripts' Motion for Summary Judgment ("Order," ECF No. 144).

      In its Motion for Summary Judgment, Express Scripts had asked that Plaintiff New York City Transit Authority ("NYCTA") be precluded from presenting evidence of damages under Federal Civil Procedure Rule 37(c) due to its failure to comply with its obligations under Federal Civil Procedure Rule 26(a)(1)(A)(iii) to disclose "a computation of each category of damage claimed" and to "make available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation is based."  (ECF No. 110 at 20-21).

      NYCTA responded by producing a declaration from Aon employee Vince Kozlowski, a witness who NYCTA had never previously disclosed as either a fact or expert witness.[1]  Mr. Kozlowski's declaration claimed to be a summary calculation that was based upon *unproduced* data allegedly provided by Express Scripts to Aon between 2016 and 2019.[2]

      In its Order, the Court found that NYCTA did not comply with Rule 26(a)'s requirements.  (Order at 20).  The Court, however, decided not to preclude NYCTA from presenting evidence of its damages because it believed that the prejudice suffered by Express Scripts was minimal.  (*Id.* at 21).

---

[1] NYCTA addresses its damages at ECF No. 123 at p. 24.  Mr. Kozlowski's declaration is at ECF No. 125.

[2] ECF No. 125 at ¶ 2.  NYCTA did not produce any set of claims data during fact discovery, and neither NYCTA nor Mr. Kozlowski referred to any Bates numbers of produced data.

**HUSCH BLACKWELL**

Express Scripts respectfully disagrees that it has sustained minimal prejudice as a result of NYCTA's non-disclosure of its damages calculation and its damages witness during the discovery process. Because NYCTA provided Express Scripts with its damages calculations and identified its damages witness for the first time only after discovery closed, Express Scripts has had no opportunity to learn how NYCTA made its calculations (which, as addressed below, it does not understand) and no opportunity to identify a witness to challenge the calculations. Going into settlement negotiations and trial, NYCTA's untimely disclosure places it—the party who did not comply with the federal rules—in a better position than the party that complied.

Express Scripts is not asking that the Court reconsider its ruling on summary judgment as a result of this prejudice, but it is asking that the Court permit Express Scripts some limited discovery in order to place Express Scripts on a similar level that it would have been had NYCTA complied with its Rule 26 obligations. Express Scripts consulted with NYCTA regarding this proposal, and NYCTA did not agree to reopen discovery for this limited purpose.

NYCTA's damages calculations are not as easy as adding up numbers set forth on a set of defined documents. Since receiving Mr. Kozlowski's declaration, Express Scripts has tried to duplicate Mr. Kozlowski's calculations, and despite multiple attempts using different calculation methods, it has been unsuccessful in reaching the same numbers he reaches. Without more information about Mr. Kozlowski's process—information that should have been disclosed or explored in discovery—Express Scripts is left at a severe disadvantage.

There are multiple potential reasons that may account for why Express Scripts is unable to duplicate NYCTA's damages math on the current record. ***First***, because Mr. Kozlowski did not identify the documents he used in his analysis—and because NYCTA also did not produce them during discovery—Express Scripts does not know if it is using the same set of data that NYCTA is using. And while Mr. Kozlowski states that he relied upon data that Express Scripts gave Aon during the contract period, Express Scripts provided Aon with large amounts of data in many different reports throughout the contract. Without some description of what this data is, Express Scripts is left to guess. Rule 26 requires more.

***Second***, even if Express Scripts is reviewing the correct documents, pharmacy claims data is incredibly complex. This data does not merely have one column with the cost of a drug, one column that identifies the name of the pharmacy, and one column that identifies a drug as a compound. Rather, the data has dozens of columns that could be used to compute the price, and several columns that could be used to identify the pharmacy, prescriber, and drug type.[3] Mr. Kozlowski says that he merely added up the (a) amount paid for (b) compound drugs that were (c) dispensed by certain pharmacies or written by certain physicians, but figuring out what data falls under (a), (b), and (c) is not cut and dry. In other words, the native data that Express Scripts is aware of would never have existed in a format that would have allowed such a simplistic

---

[3] For example, pharmacies can be identified by the pharmacy's name, NABP number, of NCPDP number. Prescribers can be identified by name, DEA number, or NPI number. Compound drugs claims can be identified through various flags or by a search for "compound" in the drug name field.

**HUSCH BLACKWELL**

calculation without data cleaning and restructuring. As a result, although Express Scripts has tried to duplicate Mr. Kozlowski's calculations using various methodologies and various different data columns, it has been above to reach the same results without knowing what data he used and what he actually did with that data.

***Third***, because prescription drug claims can later be reversed by pharmacies, recouped in audits, or otherwise adjusted, prescription drug data can change over time.  Because Express Scripts does not know what data Mr. Kozlowski is relying upon, Express Scripts does not know whether NYCTA is relying upon the *final* data (which would reflect changes to drug claims) or some preliminary data sent more contemporaneously that might not reflect such changes.

Express Scripts, in its reply to its summary judgment motion, noted that if any of NYCTA's claims survived summary judgment, the parties would need to determine how to address NYCTA's failure to disclose its damages and Mr. Kozlowski during the discovery process.[4]  All of the issues addressed above—the documents used to calculate the damages, the calculation method used, and the exact world of claims considered—should have been disclosed while discovery was open.  Express Scripts was entitled to explore these issues and, critically, to depose a witness on them in order to fully understand and defend against them.  Because Mr. Kozlowski was not disclosed as a witness prior to NYCTA's summary judgment opposition, Express Scripts never had this opportunity, and it respectfully asks that it be permitted to depose Mr. Kozlowski now in order to limit the prejudice from NYCTA's prior non-disclosure.

Finally, because NYCTA waited until after the close of discovery to disclose its damages calculation, Express Scripts had no opportunity to disclose a witness (fact or expert) to rebut or otherwise address NYCTA's damages.  By failing to comply with the federal rules, NYCTA has effectively blocked Express Scripts' ability to challenge its damages with a witness.

All considered, based on the current record Express Scripts cannot understand how NYCTA is calculating its damages and has no means of effectively challenging those calculations.  For these reasons, Express Scripts respectfully asks that the Court reopen discovery for the limited purposes of: (1) allowing Express Scripts to subpoena Mr. Kozlowski in order to understand his calculations, and (2), if necessary, allowing Express Scripts to identify a witness to rebut NYCTA's damages.  Express Scripts asks that the parties' proposed joint pretrial filings be postponed while this limited discovery is completed.[5]

Express Scripts appreciates the Court's consideration of this request.

Respectfully submitted,<br>
/s/ *Christopher A. Smith*<br>
Christopher A. Smith

---

[4] ECF No. 134 at 10 no. 42.

[5] Express Scripts recognizes the Court's direction that the parties attempt to settle this case.  Express Scripts needs to understand NYCTA's damages so that the parties can discuss settlement on the same playing field, and it believes that this limited discovery will be greatly beneficial to the resolution of this litigation.