UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
NEW YORK CITY TRANSIT AUTHORITY,                                        :
                                                                        :
                            Plaintiff,                                  :
                                                                        :           19-CV-5196 (JMF)
            -v-                                                         :
                                                                        :                ORDER
EXPRESS SCRIPTS, INC.,                                                  :
                                                                        :
                            Defendant.                                  :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In its March 1, 2022 Opinion and Order, ECF No. 144, the Court directed any party that believed any materials currently under seal or in redacted form should remain under seal or in redacted form to show cause in writing, on a document-by-document basis, why doing so would be consistent with the presumption in favor of public access. On March 15, 2022, both parties did so. *See* ECF Nos. 148, 150.

      Applying the three-part test for determining whether documents may be placed under seal, in whole or in part, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47-52 (2d Cir. 2019), the Court concludes that the documents identified by the parties should remain under seal or in redacted form for substantially the reasons set forth in the parties' letters, *see* ECF Nos. 148, 150; *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." (alterations in original)); *Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (noting that "[t]he need to protect sensitive commercial information

2

from disclosure to competitors seeking an advantage may constitute" an interest outweighing the presumption of public access); *Coscarelli v. ESquared Hosp. LLC*, No. 18-CV-5943 (JMF), 2021 WL 5507034, at *21 (S.D.N.Y. Nov. 24, 2021) (same).

The parties shall, no later than **March 23, 2022**, file a joint letter with a list of the filings (with corresponding ECF numbers) that can be unsealed in full. Additionally, Plaintiff New York City Transit Authority shall, in accordance with Rule 7 of the Court's Individual Rules and Practices in Civil Cases, simultaneously publicly file on ECF a copy of Exhibit 5 to the Shifrin Declaration, ECF No. 122, with proposed redactions and also file under seal on ECF (with the appropriate level of restriction) an unredacted copy of the document with the proposed redactions highlighted.

SO ORDERED.

Dated: March 16, 2022
      New York, New York

_____
JESSE M. FURMAN
United States District Judge