**HUSCH BLACKWELL**

Christopher A. Smith
Partner

190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Direct: 314.480.1836
Fax: 314.480.1505
chris.smith@huschblackwell.com

August 5, 2022

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

    Re:    *New York City Transit Authority v. Express Scripts, Inc.*,
                No. 1:19-cv-05196-JMF (S.D.N.Y.)

Dear Judge Furman:

      I write on behalf of Express Scripts, Inc. to request that the Court stay the deadline for submission of pretrial filings until the Court rules on Express Scripts' Motion for Reconsideration ("Motion"). The parties' mediation efforts have not been successful,[1] and the current pretrial filing deadline is set for August 19, 2022. *See* ECF No. 162.

      While its Motion has been pending, Express Scripts has worked diligently to comply with this August 19 deadline. The parties have worked together on a schedule for exchanging pretrial materials; exchanged witness lists, deposition designations, and proposed stipulations of fact and law; and held discussions about the number of trial days required and consent to a magistrate judge. Express Scripts has also prepared an initial exhibit list that is scheduled to be exchanged with NYCTA today. That said, Express Scripts has reached a point in its pretrial preparation where the potential outcomes of the Motion prevent it from making complete pretrial filings.

      The outcome of the Motion, including the layers of alternative relief requested, impact Express Scripts' strategy and several elements of trial. For example, NYCTA has identified Vince Kozlowski and Valerie Ridgway as witnesses that it intends to call at trial. If the Court grants Express Scripts' Motion, Kozlowski and Ridgway would be unnecessary, and Express Scripts would need to object to their participation at trial (if NYCTA would still intend to call them). On the other hand, if the Court denies the Motion, it may still allow Express Scripts the opportunity

---

[1] The parties are set to provide the Court with a joint status report on those mediation efforts on August 10, 2022. *See* ECF No. 162.

**HUSCH BLACKWELL**

August 5, 2022
Page 2

to depose Ridgway or submit a rebuttal damages expert, which would create the need for more deposition designations, exhibits, or motions in limine.

Relatedly, the ruling on the Motion will inform Express Scripts' approach on the damages aspect of the trial. Express Scripts cannot finalize its own exhibits, deposition designations, jury instructions, or motions in limine on damages until the Court decides whether NYCTA may proceed on its stated damages theory. Similarly, the Court's decision on damages will also inform how or if Express Scripts objects to NYCTA's exhibits and deposition designations.

Although Express Scripts has made every effort, and will continue to make every effort, to comply with the August 19 pretrial filings deadline, the Motion will impact Express Scripts' pretrial preparation process such that it cannot make a complete and accurate disclosure until the Court clarifies the scope of issues for trial and the allowance of any more discovery opportunities. A stay on the pretrial filings deadline will ensure that the parties make complete submissions at the designated time.

Express Scripts has conferred with counsel for NYCTA on this request, and NYCTA's position is that a complete stay of the deadline is not necessary, but it did not object to a short, two-week extension of the deadline. Express Scripts does not believe an extension addresses its concerns about the potential outcomes of the Motion.

Express Scripts appreciates the Court's consideration of this request.

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Christopher A. Smith*

Christopher A. Smith

Application GRANTED.  The deadline for the parties to submit their pretrial filings is hereby STAYED pending resolution of the motion for reconsideration.  The Clerk of Court is directed to terminate ECF No. 175.

SO ORDERED.

August 8, 2022

Husch Blackwell LLP