UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
               :
NEW YORK CITY TRANSIT AUTHORITY,     :
               :
         Plaintiff,      :
               :     19-CV-5196 (JMF)
      -v-      :
               :     OPINION AND ORDER
EXPRESS SCRIPTS, INC.,     :
               :
         Defendant.    :
               :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this case, familiarity with which is presumed, Plaintiff New York City Transit Authority ("NYCTA") is suing its former pharmacy benefits manager, Express Scripts, Inc., ("Express Scripts"), for breach of contract. On March 1, 2022, the Court issued an Opinion and Order granting in part and denying in part Express Scripts's motion for summary judgment. *See N.Y.C. Transit Auth. v. Express Scripts, Inc.*, No. 19-CV-5196 (JMF), 2022 WL 603937, at *1 (S.D.N.Y. Mar. 1, 2022). In particular, and to the extent relevant here, the Court rejected Express Scripts's argument that it was entitled to summary judgment on NYCTA's compound drug claims for compensatory damages. *Id.* at *9-11. Although the Court agreed with Express Scripts that NYCTA had failed to comply with its disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure, it held that preclusion of NYCTA's compensatory damages evidence was unwarranted. *See id.* The Court also concluded that the summary charts proffered by NYCTA as evidence of compensatory damages were admissible under Rule 1006 of the Federal Rules of Evidence. *Id.* at *10. Following that decision, Express Scripts moved to reopen discovery for the limited purpose of permitting it to subpoena Vincent Kozlowski, the NYCTA

consultant who had prepared the summary charts.  ECF No. 146; *see also N.Y.C. Transit Auth.*, 2022 WL 603937, at *10-11.  The Court granted Express Scripts's request.  ECF No. 152.

With the new discovery completed, Express Scripts now moves for reconsideration of the Court's denial of its motion for summary judgment with respect to compensatory damages.  ECF No. 165; *see also* ECF No. 166 ("Def.'s Mem.").  Motions for reconsideration are governed principally by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No. 03-CV-5429 (RJS), 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008)).  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).  "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (internal quotation marks omitted) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  Reconsideration is thus "appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim*, 2012 WL 1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).  "It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid

repetitive arguments on issues that have been considered fully by the [C]ourt." *SOHC, Inc. v. Zentis Food Sols. N. Am., LLC*, No. 14-CV-2270 (JMF), 2014 WL 6603951, at *1 (S.D.N.Y. Nov. 20, 2014) (alteration in original) (internal quotation marks omitted). Ultimately, "[a] district court has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).

Express Scripts's principal argument focuses on the summary charts prepared by Kozlowski (the "Kozlowski Charts"), which NYCTA proffered as evidence of its compensatory damages. *See* Def.'s Mem. 3-6. Express Scripts contends that these charts are inadmissible because, among other things, Kozlowski's deposition revealed that he "cannot lay [a] sufficient foundation to connect the calculations in his declaration to any admissible evidence." *Id.* at 4; *see also* ECF No. 173 ("Def.'s Reply"), at 4. The Court agrees. Under Rule 1006, "[s]ummary evidence is admissible as long as the underlying documents also constitute admissible evidence and are made available to the adverse party." *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53 (2d Cir. 1993). In order to satisfy that requirement, however, the summary must "be based on foundation testimony connecting it with the underlying evidence summarized." *Fagiola v. Nat'l Gypsum Co. AC & S., Inc.*, 906 F.2d 53, 57 (2d Cir. 1990). Put differently, the proponent of the summary chart "must show that the [underlying] source materials are what the proponent claims them to be." Wright & Miller, 31 Fed. Prac. & Proc. Evid. § 8043 (2d ed.); *see* Fed. R. Evid. 901(a). "[T]he party seeking to introduce the charts need not 'provide detailed testimony stating the basis of each calculation,'" but must provide a sufficient "'explanation to allow [a] jury to see how the numbers on a chart were derived from the underlying evidence put before it.'" *United States v. Peirce*, 357 F. App'x 319, 322 (2d Cir. 2009) (summary order) (quoting *United States v. Citron*, 783 F.2d 307, 317 (2d Cir. 1986)).

3

In its summary judgment decision, the Court deemed the Kozlowski Charts admissible based on Kozlowski's sworn statement that he had used "raw claims data" originally created by Express Scripts to make them. *N.Y.C. Transit Auth.*, 2022 WL 603937, at *10; *see also* ECF No. 125 ("Kozlowski Decl."), ¶ 2 ("I created the summary charts from the NYCTA's raw claims data. Express Scripts provided Aon [(the consulting company Kozlowski works for)] with the NYCTA's raw claims data on a quarterly basis during its contract term with the NYCTA."). New evidence, however, reveals that Kozlowski's declaration was, at best, misleading. During his deposition, Kozlowski conceded that the dataset on which he relied in creating the summary charts did not come from Express Scripts after all. Instead, it came from Caribou, a "[s]eparate company that provides auditing services on behalf of Aon." ECF No. 167-1 ("Kozlowski Dep."), at 69; *see also id.* at 92, 98-99. Kozlowski testified that he had been told that the dataset he received from Caribou had been prepared using "[Express Scripts's] files," but he acknowledged that he "did not verify" that fact and had "no personal knowledge" of the steps Caribou had taken to create it. *Id.* at 99-100, 103-04, 135; *see also id.* at 92-93. In light of this new testimony, it is plain that Kozlowski did not, and cannot, provide the "foundation testimony" necessary to connect his summary charts the raw claims data created by Express Scripts. *Fagiola*, 906 F.2d at 57; *see* Kozlowski Decl. ¶ 2.

In an effort to plug this gap, NYCTA proffers a new declaration from a previously undisclosed witness: Valerie Ridgway. *See* ECF No. 169 ("Ridgway Decl."). Notably, the Ridgway declaration constitutes NYCTA's *second* attempt to introduce a declaration from a previously undisclosed witness after the close of discovery in an effort to fill an evidentiary gap of its own making. *See N.Y.C. Transit Auth.*, 2022 WL 603937, at *9-10. But that aside, the Court's Local Civil Rules explicitly forbid any party from filing an affidavit in connection with a

4

motion for reconsideration "unless directed by the Court." S.D.N.Y. Local Civ. R. 6.3.  NYCTA did not seek, and the Court did not grant, leave to file an affidavit in connection with Express Scripts's motion for reconsideration.  Accordingly, the Court declines to consider Ridgway's declaration.  *See, e.g.*, *Fid. Info. Servs., Inc. v. Debtdomain GLMS PTE Ltd.*, No. 09-CV-7589 (LAK) (KNF), 2010 WL 3469910, at *1 (S.D.N.Y. Aug. 24, 2010); *see also, e.g.*, *Ralph Oldsmobile Inc. v. Gen. Motors Corp.*, No. 99-CV-4567 (AGS), 2001 WL 55729, at *2 (S.D.N.Y. Jan. 23, 2001) ("When a party improperly submits an affidavit on a motion for reconsideration, the appropriate remedy is to strike the affidavit and disregard it.").  In any event, the declaration does not cure the evidentiary defects in the Kozlowski Charts.  Among other things, it reveals that Ridgway and another Caribou employee altered the underlying raw claims data from Express Scripts before sharing it with Kozlowski.  *See* Ridgway Decl. ¶¶ 13-14.  And her vague description of the steps they took to "extract[]," "limit[]," and "export" the data from two Express Scripts files into a "single excel spreadsheet" raises more questions than it answers about the Kozlowski Charts.  *Id.* ¶¶ 6, 13-14.  In short, Ridgway's declaration fails to bridge the gap.  It follows that the Kozlowski Charts, at least in their current form, are inadmissible and that the Court should not have relied on them in connection with summary judgment.[1]

Contrary to Express Scripts's assertions, however, that does not mean that reversal of the Court's summary judgment ruling on NYCTA's compound drug claims is appropriate.  As the Court noted in its prior Opinion and Order, "although damages must be *reasonably certain* and

---

[1]  Because the Court concludes that NYCTA failed to lay the necessary foundation for the Kozlowski Charts, the Court need not and does not address Express Scripts's other arguments with respect to the admissibility of the Charts.  *See* Def.'s Mem. 3-8.  Moreover, Express Scripts's alternative request — to reopen discovery so that it can "depose a Caribous witness to understand Caribou's process of altering the raw claims data" used in the Kozlowski Charts and to "disclose an expert in response to [Kozlowski's] calculations," Def.'s Reply 5 — is moot.

such only as actually follow or may follow from the breach of the contract, certainty, as it pertains to general damages, refers to the *fact* of damage, not the amount." *N.Y.C. Transit Auth.*, 2022 WL 603937, at *11 (cleaned up). Indeed, "the burden of uncertainty as to the amount of damage is upon the wrongdoer," and at trial the "plaintiff need only show a stable foundation for a reasonable estimate of the damages incurred as a result of the breach." *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 141 (2d Cir. 2016) (cleaned up); *accord Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 391 (2d Cir. 2006). Thus, as the weight of authority in this Circuit provides, Express Scripts is entitled to summary judgment only if NYCTA "has failed to raise a genuine issue of material fact as to the *existence* of alleged damages," including nominal damages. *Ventura Assocs., Inc. v. Int'l Outsourcing Servs., Inc.*, No. 04-CV-5962 (PKL), No. 04-CV-10250 (PKL), 2008 WL 2073628, at *6 (S.D.N.Y. May 14, 2008) (emphasis added); *see, e.g.*, *Zurich Am. Life Ins. Co. v. Nagel*, No. 20-CV-11091 (JSR), 2022 WL 759375, at *9-11 (S.D.N.Y. Mar. 14, 2022) ("As to damages, plaintiffs have raised a genuine issue of material fact as to the existence of damages so as to survive [the defendant's] motion for summary judgment on this claim [for breach of contract under New York law]."), *reconsideration denied*, No. 20-CV-11091 (JSR), 2022 WL 1173885 (S.D.N.Y. Apr. 20, 2022); *Cottam v. Glob. Emerging Cap. Grp., LLC*, No. 16-CV-4584 (LGS), 2020 WL 1528526, at *12 (S.D.N.Y. Mar. 30, 2020) (same); *Martell Strategic Funding LLC v. Am. Hosp. Acad.*, No. 12-CV-627 (VSB), 2019 WL 632364, at *8 (S.D.N.Y. Feb. 14, 2019) (same).[2]

---

[2] *See also, e.g.*, *Alpha Cap. Anstalt v. Real Goods Solar, Inc.*, 311 F. Supp. 3d 623, 632 (S.D.N.Y. 2018) ("Although based on the current record the Court is skeptical as to the quantum of damages that Alpha Capital can prove at trial . . . the Court finds that it is inappropriate to decide damages issues at the summary judgment phase of this case."); *M'Baye v. World Boxing Ass'n*, No. 05-CV-9581 (DC), No. 06-CV-3439 (DC), 2009 WL 2245105, at *9 (S.D.N.Y. July 28, 2009) (denying summary judgment because, although "uncertainty remain[ed] about the amount and type of damages [the plaintiff] would be entitled to, the existence of some damages

Significantly, Express Scripts does not dispute that NYCTA has introduced evidence sufficient to create a genuine dispute of material fact as to the *existence* of damages attributable to the alleged breach. *See* Def.'s Mem. 2-10; Def.'s Reply 2-5. Moreover, there appears to be evidence in the record that NYCTA could potentially use at trial to provide a "stable foundation for a reasonable estimate of the damages incurred as a result of the breach," *Process Am., Inc.*, 839 F.3d at 141 (internal quotation marks omitted). Most notably, such evidence includes:

(1) The "Pharmacy Claims Dataset" created by Caribou using Express Scripts data, which NYCTA produced well before Express Scripts filed its summary judgment motion. *See* ECF No. 168 ("Pl.'s Opp'n"), at 5 & n.2 (citing Bates Nos. NYCTA000064924-64937). Although Express Scripts claims that NYCTA identified the Bates numbers for these files for the "first time" in its opposition to the instant motion for reconsideration, Express Scripts does not dispute that the files were produced during discovery. Def.'s Reply 2.[3]

(2) Express Scripts's raw "claims data for all prescription drug claims submitted to Express Scripts on behalf of members of the NYCTA plan during the term of the Contract," which Express Scripts produced to NYCTA in discovery. ECF No. 170-7, ¶¶ 28-30; *see* Pl.'s Opp'n 6.

(3) An Aon report titled "MTA Compound Drug Analysis," which NYCTA produced to Express Scripts during discovery. ECF No. 127, ¶ 8 (citing Bates No. AONNYCTAESI-0002270); *see also* ECF No. 127-1 ("Aon Report").[4] This report contains summaries of NYCTA's compound drug spending before and after Express Scripts became NYCTA's

---

(including nominal damages) is not entirely speculative."); *MTV Networks v. NVE Pharms.*, No. 01-CV-1699 (DC), 2002 WL 1203853, at *6 (S.D.N.Y. June 3, 2002) ("While the amount of damages is unclear at this point, [the plaintiff] has presented evidence of damage, and the assessment of damages requires factfinding that can only take place at trial.").

[3]     By contrast, NYCTA concedes that the "Compound Prescription Details Data Set," which is referenced in the Ridgway declaration, *see* Ridgway Decl. ¶ 6, was not produced during discovery, *see* Pl.'s Opp'n 5 n.2. NYCTA does not even attempt to excuse that failure, which was plainly prejudicial to Express Scripts as it was deprived of the opportunity to obtain discovery relating to the dataset. Accordingly, NYCTA may not rely on it here. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

[4]     The Court previously rejected Express Scripts's challenge to the admissibility of this document, *see N.Y.C. Transit Auth.*, 2022 WL 603937, at *3 n.6, and Express Scripts did not renew its objection in its motion for reconsideration.

pharmacy benefits manager. *See* Aon Report 2-3. It also breaks down compound drug spending by prescriber from April 1, 2016, to December 6, 2017, including spending associated with two of the prescribers that NYCTA alleges Express Scripts should have detected and reported as likely engaging in fraudulent activity: Dr. Mitchell Cohen and Dr. Jaimy Honig. Aon Report 2, 8; *see N.Y.C. Transit Auth.*, 2022 WL 603937, at *3-4. Cohen and Honig were each associated with over $16 million in compound drug spending from April 1, 2016, to December 6, 2017 — making them outliers as compared with other prescribers. *See* Aon Report 2, 8. Together, they accounted for over fifty percent of NYCTA's compound drug spending during that time period. *Id.* at 8. Additionally, the report breaks down compound drug spending by pharmacy from April 1, 2016, to December 6, 2017, and shows that Fusion Specialty Pharmacy, another outlier that NYCTA alleges Express Scripts should have flagged, was associated with nearly $30 million in spending during that time. *Id.* at 2, 5.

Finally, Express Scripts does not dispute that, at a minimum, NYCTA would be entitled to nominal damages if it prevails on its contract claim. *See* ECF No. 110 ("Def.'s MSJ Mem."), at 22 (acknowledging nominal damages would be available); *see also, e.g.*, *Martell Strategic Funding LLC*, 2019 WL 632364, at *7 ("Under New York law, it is a well-settled tenet of contract law that even if the breach of contract caused no loss or if the amount of the loss cannot be proven with sufficient certainty, the injured party is entitled to recover as nominal damages a small sum fixed without regard to the amount of the loss, if any." (cleaned up)).[5] Thus, notwithstanding the merit of Express Scripts's arguments concerning the Kozlowski Charts,

---

[5] *Gould Paper Corp. v. Madisen Corp.*, 614 F. Supp. 2d 485 (S.D.N.Y. 2009) — a case in which the court granted summary judgment against the plaintiff on the issue of compensatory damages and on which Express Scripts relied on for summary judgment, *see* Def.'s MSJ Mem. 23 — is distinguishable. There, the parties asserting a contract claim conceded that expert testimony was necessary to determine "the complete amount of damages" but failed to disclose an expert during discovery. *Gould Paper Corp.*, 614 F. Supp. 2d at 490-91. By contrast, NYCTA makes no such concession here. *See* Pl.'s Opp'n 8-9. In any event, the overwhelming weight of authority in this Circuit, as discussed above, holds that summary judgment on damages should be denied where the non-moving party raises a genuine dispute of material fact as to the *existence* of damages. In the Court's view, that approach is more faithful to Second Circuit precedent establishing that, at trial, "[w]here . . . the non-breaching party has proven the *fact* of damages by a preponderance of the evidence, the burden of uncertainty as to the amount of damage is upon the wrongdoer." *Process Am., Inc.*, 839 F.3d at 141 (internal quotation marks omitted).

Express Scripts's request for reconsideration of the Court's summary judgment ruling on that basis must be and is denied. *See, e.g.*, *Zurich Am. Life Ins. Co.*, 2022 WL 759375, at *9-11 (denying summary judgment on similar grounds); *Alpha Cap. Anstalt*, 311 F. Supp. 3d at 632 (same and deferring issues regarding the "quantum of damages" to trial); *M'Baye*, 2009 WL 2245105, at *9 (same); *MTV Networks*, 2002 WL 1203853, at *6 (same).

That said, the Court agrees with Express Scripts that there should be some consequence for NYCTA's repeated failures to comply with its discovery obligations. *See* Def.'s Mem. 2-3. Of course, preclusion of the Kozlowski Charts on that basis does not cut it, as the Court has already ruled that the Charts are inadmissible for other reasons. Rule 37 of the Federal Rules of Civil Procedure, however, "grants district courts broad 'discretion to impose other, less drastic, sanctions' than preclusion." *N.Y.C. Transit Auth.*, 2022 WL 603937, at *9 (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006)). One alternative is "payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). Given the new information that has surfaced regarding the scope of NYCTA's unexplained failures to comply with its Rule 26 disclosure requirements, the Court concludes it is appropriate for NYCTA to pay for the reasonable attorneys' fees and costs Express Scripts incurred as a result of its failures. *See* Fed. R. Civ. P. 37(c)(1)(A); *see also, e.g.*, *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 162 (S.D.N.Y. 2012) (imposing similar sanctions for a failure to comply with Rule 26 disclosure requirements regarding damages), *report and recommendation adopted*, *id.* at 150; *Tse v. UBS Fin. Servs., Inc.*, 568 F. Supp. 2d 274, 321-22 (S.D.N.Y. 2008) (finding that "[c]ourts in this circuit have often awarded attorneys' fees to sanction a party who disregards her discovery obligations" and collecting cases). Specifically, the Court orders NYCTA to reimburse Express Scripts for the

reasonable attorneys' fees and costs it incurred in conducting additional discovery following the Court's summary judgment ruling and in bringing its motion for reconsideration.

That leaves two final arguments made by Express Scripts in its motion for reconsideration: that "NYCTA needs . . . expert testimony to introduce the Rule 1006 evidence" on which it relied in support of compensatory damages, Def.'s Mem. 8; and that NYCTA has not provided a calculation of compensatory damages for its non-compound drug claims, *see* Def.'s Mem. 10.  Mootness issues aside, the Court need not dwell long on either.  Both arguments are "newly raised and therefore [not properly] proffered on a motion for reconsideration." *Kubicek v. Westchester Cnty.*, No. 08-CV-372 (ER), 2014 WL 4898479, at *3 (S.D.N.Y. Sept. 30, 2014); *see, e.g.*, *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005) (denying motion for reconsideration with respect to one argument on those grounds); *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (same).  Accordingly, Express Scripts's motion for reconsideration on these grounds must be and is denied.

In sum, for the foregoing reasons, Express Scripts's motion for reconsideration of the Court's summary judgment ruling is DENIED, but the Court orders NYCTA to pay Express Scripts for the reasonable attorneys' fees and costs it incurred in conducting additional discovery following the Court's summary judgment ruling and in bringing this motion.  The parties shall, **within two weeks** of the date of this Opinion and Order, meet and confer regarding the amount due to Express Scripts.  If the parties are able to reach an agreement, they shall, **within three weeks** of the date of this Opinion and Order, file a stipulation and joint proposed order.  If the parties are unable to reach agreement, Express Scripts shall, **within three weeks** of the date of this Opinion and Order, submit an accounting of its relevant attorneys' fees and costs, supported

10

by contemporaneous billing records.  In that event, NYCTA shall file any response **within four weeks** of the date of this Opinion and Order.  No reply may be filed absent leave of Court.

Finally, unless and until the Court orders otherwise, the parties shall submit a proposed Joint Pretrial Order and associated materials (in accordance with Section 5 of the Court's Individual Rules and Practices in Civil Cases, available at https://www.nysd.uscourts.gov/hon-jesse-m-furman) **within three weeks** of the date of this Opinion and Order.  The Court will schedule a pretrial conference after reviewing the parties' submissions to discuss the procedures for, and timing of, trial.  In the meantime, the Court remains of the view that the parties should try to settle this case without the need for an expensive and risky trial.  To that end, the Court directs the parties **to confer immediately** about the prospect of settlement and scheduling another settlement conference before the private mediator previously retained by the parties.  *See* ECF No. 177.  If the parties agree that further mediation would be appropriate, they should promptly advise the Court and, if needed, seek an appropriate extension of the pretrial deadlines.

The Clerk of Court is directed to terminate ECF No. 165.

SO ORDERED.

Dated: August 19, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge