**HUSCH BLACKWELL**

Christopher A. Smith
Partner

190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
Direct: 314.480.1836
Fax: 314.480.1505
chris.smith@huschblackwell.com

November 15, 2022

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re:   *New York City Transit Authority v. Express Scripts, Inc.*
                No. 1:19-cv-05196-JMF (S.D.N.Y.)

Dear Judge Furman:

On behalf of Express Scripts, Inc. ("Express Scripts"), I write to request guidance on an issue related to the Court's August 19, 2022 order on Express Scripts' motion for reconsideration (ECF No. 178) and which greatly impacts the parties' pre-trial disclosures, due on November 23, 2022.

On November 9, 2022, over two months *after* the Court struck Plaintiff New York City Transit Authority's ("NYCTA") prior damages calculations (and two weeks before pre-trial filings are due), NYCTA, for the first time, served Express Scripts with "Amended Initial Disclosures."[1] The primary amendment is NYCTA's wholesale addition of a set of damages numbers that were not previously disclosed, evidencing yet another attempt by NYCTA to introduce late expert analysis in this case. (Ex. 1 at 5-6). The disclosure provides damages totals only; it provides no information as to how the totals were calculated, and it describes the sources for the damages totals as claims data produced by Express Scripts *as well as* unidentified "other sources of claims data and related analysis." (*Id.* at 6).

In the cover email serving the Amended Initial Disclosures, NYCTA's counsel stated that it intended to present these damages totals to the jury through new analysis performed by Derek Frye, an Aon employee.[2] In a preliminary exchange of witness lists on November 14, 2022, NYCTA likewise described Mr. Frye as providing testimony about "summary evidence

---

[1] NYCTA also provided a redline version of the Amended Initial Disclosures that shows the additions made from NYCTA's initial disclosures. The redline version is attached hereto as Exhibit 1.

[2] The cover email is attached hereto as Exhibit 2.

The Honorable Jesse M. Furman
November 15, 2022
Page 2

aggregating by various pharmacies and prescribers . . . to support the NYCTA's monetary damages."

Although NYCTA did identify Mr. Frye in its 2019 initial disclosures, those disclosures did not describe him as someone with knowledge about NYCTA's damages calculations. Mr. Frye had been involved in audits that Aon had performed of Express Scripts' compliance with the NYCTA contract, and in his November 9, 2020 deposition, Express Scripts was limited to asking him questions about the only analyses the AON had produced at that time—Mr. Frye's audits. At the time of the deposition, NYCTA had not disclosed any of the calculations or spreadsheets that its prior damages witness (Vince Kozlowski) utilized in making his calculations. To the contrary, Express Scripts suspects that Mr. Frye was asked to conduct this new analysis only *after* the Court excluded Mr. Kozlowski's calculations. In other words, this is not a percipient fact witness offering testimony about an analysis performed in the ordinary course of his work but rather belated expert testimony under the guise of a fact witness.

This continues a troubling pattern by NYCTA. As the Court is aware, NYCTA's initial disclosures, and its damages disclosures in particular, have been flawed from the outset. Each time Express Scripts has challenged those disclosures, NYCTA has attempted—unsuccessfully—to spring untimely damages calculations in response. First, it was Mr. Kozlowski, whose deposition revealed both the flawed nature of his calculations and the lack of adequate foundation for damages testimony. Next it was a new declaration from yet another undisclosed witness, Valerie Ridgway. And now, over two months after the Court ordered that NYCTA could not utilize either Kozlowski or Ridgway, NYCTA is attempting to introduce yet another late, incomplete (and Express Scripts anticipates, still flawed) damages calculation with a third witness never disclosed for this purpose.[3]

NYCTA should not be permitted to repeat its improper conduct. Substituting Mr. Frye in place of Mr. Kozlowski or Ms. Ridgway does not fix the problems with NYCTA's failure to comply with Rule 26. NYCTA still failed to provide Express Scripts with timely notice of its damages, failed to timely identify a witness on these damages, failed even in the new disclosures to provide any information regarding *how* the latest damages calculations were made, and failed in the new disclosures to identify the *specific* documents used to make the calculations.

The Amended Initial Disclosures are undoubtedly untimely. Fact discovery closed in December 2020 and expert discovery closed on March 1, 2021. More importantly, especially with pre-trial disclosures due exactly two weeks after the service of these new disclosures, the prejudice to Express Scripts cannot be overstated.

Had NYCTA timely disclosed its damages calculations and damages witness while discovery

---

[3] Express Scripts is in the process of reviewing these late damage disclosures, but without more information, have are as yet unable to replicate the figures.

**HUSCH BLACKWELL**

The Honorable Jesse M. Furman<br>
November 15, 2022<br>
Page 3

was open, Express Scripts would have deposed Mr. Frye about how he performed the calculations in order to determine if he had the foundational knowledge that the Court found Mr. Kozlowski and Ms. Ridgway lacked.[4] Express Scripts also would have been able to assure itself that it had all documents used to create the calculations, which Express Scripts must surely question at this point considering (1) NYCTA's prior pattern of non-disclosure of such materials, and (2) the language in the Amended Initial Disclosures referring to "other" unidentified materials used for the calculations' creation. Express Scripts suspects that these "other" materials include datasets produced by NYCTA well after the close of discovery and as late as during the briefing on the motion for reconsideration.[5] Unfortunately, Express Scripts has none of this knowledge because NYCTA waited nearly two years after the close of discovery and until two weeks before the parties' pretrial deadline to disclose these latest damages totals. If Express Scripts did have this information, it suspects that it would reveal many of the same problems the Court has already seen and ruled as excluded.

Moreover, NYCTA's actions have substantially prejudiced Express Scripts in that if NYCTA had timely disclosed its damages calculations, and had its damages witness been timely deposed, Express Scripts would have identified an expert to counter NYCTA's damages. NYCTA's bypassing of the federal rules has prevented Express Scripts from putting forth a substantial and material element of its defense. By disclosing its damages in the manner it has done, NYCTA has deprived Express Scripts of the chance to submit expert testimony. This is entirely prejudicial and rewards NYCTA for failing to comply with the rules. To the extent the Court allows the Frye testimony in, Express Scripts stands ready to serve an expert report on the issue of alleged damages after it is able to depose Mr. Frye and review the materials he relied upon.

Considering the events leading up to the service of NYCTA's Amended Initial Disclosures and the current procedural posture of the case, Express Scripts suggests that the appropriate remedy is to levy sanctions under Rule 37 and/or to strike the Amended Initial Disclosures and prohibit NYCTA from (i) introducing the calculations set forth therein; and (ii) utilizing Mr. Frye as a witness on the calculations. Therefore, Express Scripts respectfully asks the Court for leave to file a motion for Rule 37 sanctions and/or to strike that would seek such relief and to set an appropriate briefing schedule that considers the current pretrial deadline.

---

[4] *See* ECF No. 178 at 3-4.

[5] In the Court's Order on Express Scripts' motion for reconsideration, the Court referred to documents produced by NYCTA at NYCTA000064924-64937 and stated that Express Scripts did not dispute that the documents were produced during the course of discovery. Since Express Scripts was not clear on this point before, Express Scripts does dispute this point, as these spreadsheets were produced by NYCTA on January 29, 2021, after the close of fact discovery. *See* ECF No. 170-6.

NYCTA and Aon produced additional claims summary spreadsheets after the close of discovery at NYCTA000064938-64942 (7/6/2022), AONNYCTAESI-0004841-4846 (5/11/2022), and AONNYCTAES-0004856 (5/27/2022). Because Express Scripts "was deprived of the opportunity to obtain discovery relating to the dataset[s]," NYCTA should not be permitted to rely upon them for its damages calculations. *See* ECF No. 178 at u n.3.

**HUSCH BLACKWELL**

The Honorable Jesse M. Furman<br>
November 15, 2022<br>
Page 4

If the Court disagrees, Express Scripts respectfully requests the Court's guidance on how to proceed in order to ensure that Express Scripts is not prejudiced by NYCTA's continued violations of Rule 26. At minimum, Express Scripts requests (1) leave to depose Mr. Frye and request copies of all materials he/others relied upon in calculating the damages in the Amended Initial Disclosures, (2) leave to disclose an expert witness to counter the newly disclosed damages, and (3) an adequate extension of the November 23, 2022 pre-trial disclosure deadline in order to accommodate this additional discovery.

Express Scripts appreciates the Court's review of this letter and its assistance in determining the appropriate avenue forward in light of NYCTA's continued conduct.

Respectfully submitted,

/s/ *Christopher A. Smith*

Christopher A. Smith