UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK CITY TRANSIT AUTHORITY,<br><br>Plaintiff,<br><br>V.<br><br>EXPRESS SCRIPTS, INC.,<br><br>Defendant. | CASE NO. 1:19-CV-5196-JMF |

**THE NEW YORK CITY TRANSIT AUTHORITY'S MEMORANDUM OF LAW IN OPPOSITION TO LEGAL ARGUMENTS IN DEFENDANT <u>EXPRESS SCRIPTS' PRE-TRIAL BRIEFING</u>**

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Phone: (212) 589-4200
Fax: (212) 589-4201
John Siegal
Maximillian S. Shifrin
Stephanie A. Ackerman
Alexa T. Bordner

*Attorneys for Plaintiff*
*New York City Transit Authority*

Plaintiff the New York City Transit Authority (the "TA") respectfully submits this memorandum of law pursuant to Rule 6(F)(ii) of the Court's Individual Rules and Practices in Civil Cases. The TA opposes two legal arguments made by Express Scripts in its pre-trial submissions: (i) Express Scripts' argument that the TA has abandoned its claim under Section 4.1 of the Contract due to purported inconsistencies in its pre-trial submissions; and (ii) Express Scripts' untimely assertion of new affirmative defenses on the eve of trial.

I. **The Court Should Strike From The Pre-Trial Briefing Express Scripts' Argument That The TA Has Abandoned Its Claim That ESI Breached Section 4.1 Of The Contract**

Express Scripts asserts that "NYCTA's pretrial materials are inconsistent with respect to its claim for breach of contract under § 4.1" because "NYCTA's proposed jury instructions and proposed verdict form appear to abandon Count I entirely" and therefore "NYCTA should not be permitted to belatedly reassert Count I." Proposed Joint Pre-Trial Order ("JPTO") at 8 n.3, ECF No. 205. This argument is baseless, misleading, and completely ignores the multiple references to Section 4.1 in the TA's proposed materials, as well as this Court's prior rulings.

Express Scripts has no basis to suggest that the TA has abandoned its claim under Section 4.1 of the Contract. This Court has already determined that "Section 4.1, by its plain terms, establishes a standard of care that Express Scripts must meet '[i]n the exercise of its duties under th[e] Agreement.' Contract Part 1, at 19. Although this provision does not create *independent* duties under the Contract . . . it can give rise to a claim for breach if Express Scripts fails to adhere to the standard of care in the exercise of *another* duty under the Contract." *N.Y.C. Transit Auth. v. Express Scripts, Inc.*, 588 F. Supp. 3d 424, 438 (S.D.N.Y. 2022) (emphasis in original), *reconsideration denied*, No. 19-CV-5196 (JMF), 2022 WL 3577426 (S.D.N.Y. Aug. 19, 2022). The TA drafted its proposed jury instructions and verdict form accordingly.

1

At the outset, the TA's proposed jury instructions state "[t]here are four provisions of the contract between the TA and ESI that you will need to review and determine. . . The first contract provision at issue is Section 4.1. Section 4.1 establishes the standard of care that governs Express Scripts' exercise of its duties under the Agreement," and continues to articulate the standard of care. JPTO, Attch. A at 2, ECF No. 205-1. The TA further explains, according to the Court's prior decision, that "this standard of care applies to the other contract provisions in this case. In other words, the contract required ESI to satisfy this standard of care when it performed the specific obligations in [] three other contract provisions…" *Id.* at 2-3.

The TA also incorporated the standard of care articulated in Section 4.1 of the Contract into each of the questions in its proposed verdict form. Specifically, the TA asks the jury to decide whether ESI satisfied its obligations under Sections 4.2, 4.16 and 4.7 of the Contract "by exercising the degree of care and reasonable diligence that an experienced and prudent plan administrator of pharmacy benefits under a group health plan would use in similar circumstances consistent with industry standards." JPTO, Attch. B, ECF No. 205-2. The quoted language is excerpted directly from Section 4.1 of the Contract. *See* JPTO, Sec. IV.A at 4, ECF No. 205. The verdict form does not include a separate question as to Section 4.1, but rather incorporates the standard of care into each of the other claims for breach of contract, because the Court has already determined that Section 4.1 can only be breached in connection with the breach of an independent duty. *N.Y.C. Transit Auth.,* 588 F. Supp. 3d at 438.

Express Scripts' argument that the Court should treat the TA's submissions as somehow abandoning its claim of Express Scripts' breach of Section 4.1 is unfounded and should be denied.

    **II.**    **The Court Should Strike Express Scripts' Belated Assertion Of New Affirmative Defenses From the Pre-Trial Briefing**

After three years of litigation, extensive discovery, motion practice, and two mediation sessions, Express Scripts now argues that TA did not adequately perform its duties under the Contract for the first time in its pre-trial briefing. The Court should strike these arguments as improper and untimely.

On November 22, 2022—the night before the parties' pre-trial submissions were due—Express Scripts provided the TA with its proposed Statement of Claims and Defenses, containing specific affirmative defenses never before asserted. Express Scripts revealed that it intends to argue that the TA's claims are precluded by its own failure to perform pursuant to Section 3.1 of the Contract, which grants the TA "full and final authority and responsibility" for its benefit plan and empowers Express Scripts to work on behalf of the TA to the extent provided by the Contract or "as mutually agreed upon in writing by the parties." JPTO, Sec. IV.B at 7-8, ECF No. 205. Express Scripts now argues that because the TA could not authorize Express Scripts to implement its compound management solution, the TA breached its obligations under the Contract. *Id.* Express Scripts also asserts that the TA breached Section 3.6 because it did not "within sixty (60) days of the receipt of a Claims listing from Contractor reflecting Claim payments, notify Contractor in writing with appropriate documentation of any disputed claims." *Id.* at 8.

As a preliminary matter, both defenses are substantively baseless. First, the TA does not dispute that it "retain[ed] full and final authority and responsibility for the [NYCTA health] Plan and its operation"— indeed, its entire case is premised on Express Scripts' failure to give the *TA* the information it needed to actually exercise that "full and final authority" and take corrective action earlier in the Contract term. But nothing in Section 3.1 required the TA to specifically implement the Compound Management Solution. Section 3.1 merely acknowledges the obvious

reality that the TA had ultimate control over its own benefit plan—which it exercised by *not* implementing the Compound Management Solution for reasons well known to Express Scripts and the Court. This case is about what specific duties Express Scripts (the pharmacy benefits *manager*) owed to the TA (the plan sponsor). Express Scripts can argue that its offering of the Compound Management Solution discharged those duties, but there is zero basis under Section 3.1 to argue that the TA was *required* to implement the Compound Management Solution. The Court should therefore dismiss this defense due to its inadequacy as a matter of law.

Second, Express Scripts' invocation of Section 3.6 is an improper attempt to impose a 60-day statute of limitations on the TA's claims. There is no such limitation. Section 3.6 concerns ***errors*** in the processing of ***individual*** claims that are evident from the face of the Claims listing. The TA's claims in this lawsuit do not concern mere errors, but rather a volume of claims that accumulated over time through certain pharmacies and prescribers, which Express Scripts was uniquely situated to identify in real time. In any event, Section 3.6 also provides that "the AUTHORITY'S failure to dispute any error within the 60-day period set forth herein shall not be deemed as a waiver of Contractor's obligation to correct such error upon identification at a later date." Contract, Section 3.6.[1] This Court should therefore dismiss this defense as well.

The new defenses are also untimely and clearly prejudicial. In response to the TA's objections, Express Scripts points to two boilerplate affirmative defenses listed in its Amended Answer filed November 8, 2019 ("Am. Answer"). Express Scripts' fourth affirmative defense states: "NYCTA's claims are barred, in whole or in part, because NYCTA materially breached the contract, which precludes its claims here." Am. Answer at 14, ECF No. 50. Express Scripts' fifth affirmative defense states: "NYCTA's claims are barred, in whole or in part, because it

---

[1] The Contract is available in relevant part at ECF No. 112-1. It has also been marked as proposed trial exhibits PX-105-106 and DX-049 and provided to the Court on November 23, 2022.

4

failed to perform all obligations and conditions precedent and/or subsequent under the contract." *Id.* Express Scripts provided no additional detail and no indication as to which provision(s) of the Contract the TA purportedly failed to perform, never sought discovery on any of these defenses, and never raised the argument that the TA's claims were precluded by its own failure to perform on its motion for summary judgment. *See* Mot. Summ. J., ECF No. 110. Indeed, on summary judgment, Express Scripts framed the Compound Management Solution as a causation issue, not as a contractual breach by the TA.

Express Scripts waived these newly asserted affirmative defenses by failing to assert anything more than boilerplate language in its Answer. A party must support affirmative defenses "with some factual allegations to make them plausible." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019). A boilerplate defense is insufficient where, like here, the defendant fails to plead any other facts making it plausible. *See Dorce v. City of New York*, No. 19 Civ. 2216 (JLR) (SLC), 2022 WL 16639141, at *4 (S.D.N.Y. Oct. 14, 2022), *report and recommendation adopted*, No. 1:19-CV-02216 (JLR), 2022 WL 16637746 (S.D.N.Y. Nov. 2, 2022) (striking affirmative defense of laches, waiver, and estoppel where "Defendants would keep Plaintiffs guessing as to which affirmative defenses they intend to rely on, and how they intend to prove each of them."); *Paul Rudolph Found. v. Paul Rudolph Heritage Found.*, No. 20 CIV. 8180 (CM), 2022 WL 4109723, at *12 (S.D.N.Y. Sept. 8, 2022) (striking affirmative defenses of laches and waiver where "Defendants' pleading is nothing more than a formulaic recitation of the elements…").

To the extent Express Scripts argues that the TA failed to perform a condition precedent, this defense is a special matter that must be pled with particularity. Fed. R. Civ. P. 9(c) ("[W]hen denying that a condition precedent has occurred or been performed, a party must do so

5

with particularity."); *Medacist Sols. Grp., LLC v. CareFusion Sols., LLC*, No. 19-CV-1309 (JMF), 2021 WL 293568, at *9 (S.D.N.Y. Jan. 28, 2021) (Furman, J.) (finding that defendant "cannot invoke [] failure to comply with the condition precedent as a defense because [the] Answer does not plead the defense 'with particularity' as required by Rule 9(c)'" where the Answer alleged only that the plaintiff's claims were barred by its own breach of contract). Express Scripts failed to plead its defenses of breach and failure to perform with the requisite particularity until the eve of trial, thus depriving the TA of the opportunity to respond accordingly.

At a minimum, Express Scripts failed to provide the TA with reasonable notice of the nature of its defenses until the night before the parties' joint pre-trial submission was due to be filed. Express Scripts subsequently revised its proposed Statement of the Case for the jury to include the fact that it was now challenging the TA's performance under the Contract, reflecting the last-minute nature of these asserted defenses. Under these circumstances, the TA has been unduly prejudiced by being deprived of an opportunity to move *in limine* to preclude these new arguments and/or meaningfully prepare to address these defenses, including by adjusting its witness and exhibit lists. *See GEOMC Co.*, 918 F.3d at 99 ("[P]rejudice may be considered, and in some cases, determinative, where a defense is presented beyond the normal time limits of the Rules, especially at a late stage in the litigation…").

The TA respectfully requests that the Court strike the newly asserted defenses from the JPTO, or in the alternative, allow the TA to amend its pre-trial submissions accordingly.

## CONCLUSION

For the foregoing reasons, the TA respectfully requests that the Court grant the relief requested above with respect to Express Scripts' legal arguments in the JPTO.

Dated: New York, New York
       December 7, 2022

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: <u>/s/ *John Siegal*</u>
    45 Rockefeller Plaza
    New York, NY 10111
    Phone: (212) 589-4200
    Fax: (212) 589-4201
    John Siegal
    Maximillian S. Shifrin
    Stephanie A. Ackerman
    Alexa T. Bordner

*Attorneys for Plaintiff New York City Transit Authority*