**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NEW YORK CITY TRANSIT AUTHORITY,

                Plaintiff,

V.

EXPRESS SCRIPTS, INC.,

                Defendant.

CASE NO. 1:19-CV-5196-JMF

**THE TA'S REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF MOTIONS *IN LIMINE* 1-6**

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Phone: (212) 589-4200
Fax: (212) 589-4201
John Siegal
Maximillian S. Shifrin
Stephanie A. Ackerman
Alexa T. Bordner

*Attorneys for Plaintiff*
*New York City Transit Authority*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     MIL #1: The Kozlowski Summaries Are Irrelevant And Prejudicial..................................1

II.    MIL #2: The 2019 ALJ Decision Is Irrelevant To The TA's Prior Determinations...........2

III.   MIL #3: ESI's Enhanced FWA Program Is Irrelevant And Prejudicial ............................4

IV.    MIL #4: ESI's Rebuttal Expert's Testimony Must Be Limited To His Opinions ...............5

V.     MIL #5: TA's 30(b)(6) Witnesses May Not Testify To Topics Outside Their
       Personal Knowledge .................................................................................................7

VI.    MIL #6: The ESI Claims Data File Is Authentic And Admissible .....................................9

CONCLUSION...............................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abbott Lab'ys v. Feinberg*,
    2020 WL 7706571 (S.D.N.Y. Oct. 15, 2020) ...........................................................................7

*AngioDynamics v. C.R. Bard*,
    1:17-cv-598 (BKS/CFH), 2022 WL 4333555 (N.D.N.Y. Sept. 19, 2022) ..............................7

*Bieda v. JCPenny Comm'cns*,
    No. 92 CIV. 5910, 1995 WL 437689 (S.D.N.Y. Jul. 25, 1995) .............................................10

*Chen-Oster v. Goldman, Sachs & Co.*,
    293 F.R.D. 547 (S.D.N.Y. 2013) ..............................................................................................8

*F5 Capital, a Cayman Islands Corp. v. Pappas*,
    4 Civ. 9356 (AT), 2016 WL 900389 (S.D.N.Y. Feb. 17, 2016), *aff'd*, 856 F.3d
    61 (2d Cir. 2017), *cert. denied*, 138 S.Ct. 473 (2017) ............................................................3

*Hart v. BHH, LLC*,
    15cv4804, 2019 WL 1494027 (SDNY Apr. 4, 2019).............................................................10

*Highland Capital Mgmt. L.P. v. Schneider*,
    551 F.Supp.2d 173 (S.D.N.Y. 2008)........................................................................................9

*Long Beach Road Holdings, LLC v. Foremost Ins. Co.*,
    2:14-cv-01801, 2019 WL 2150821 (E.D.N.Y. May 17, 2019).................................................3

*Mason v. Am. Family Mut. Ins. Co.*,
    No. 1:19-cv-01537-PAB-SKC, 2020 WL 5982883 (D. Col. Oct. 8, 2020)..............................6

*In re Navidea Biopharmaceuticals Litig.*,
    No. 1:19-cv-01537-PAB-SKC, 2022 WL 16833587 (S.D.N.Y. Nov. 9, 2022) .......................6

*NYCTA v. Express Scripts*,
    19-CV-5196 (JMF), 2022 WL 3577426 (S.D.N.Y. Aug. 18, 2022)...........................1, 4, 9, 10

*Palmieri v. Defaria*,
    88 F.3d 136 (2d Cir.1996)........................................................................................................9

*Phoenix Assocs. III v. Stone*,
    60 F.3d 95 (2d Cir. 1995)........................................................................................................5

*Smith v. City of N.Y.*,
    14-CV-9069 (ER), 2016 WL 5793410 (S.D.N.Y. Sept. 30, 2016)........................................10

*U.S. v. Cedeno,*
   644 F.3d 79 (2d Cir. 2011)......................................................................................2

*U.S. v. Triumph Capital Group, Inc.,*
   237 Fed. Appx. 625 (2d Cir. 2007)........................................................................2

*United States v. Pluta,*
   176 F.3d 43 (2d Cir. 1999)....................................................................................10

*United States v. Whitmore,*
   359 F.3d 609 (D.C. Cir. 2004)................................................................................2

*Vagenos v. LDG Fin. Svcs. LLC,*
   No. 09–cv–2672 (BMC), 2010 WL 1608877 (E.D.N.Y. Apr. 15, 2010) ...............2

**Other Authorities**

Fed. R. Civ. P. 30(b)(6)...............................................................................................7, 8

Fed. R. Civ. P. 34(a) ....................................................................................................10

Fed. R. Evid. 106 ...........................................................................................................5

Fed. R. Evid. 401 ...........................................................................................................1

Fed. R. Evid. 403 ........................................................................................................2, 4

Fed. R. Evid. 602 ...........................................................................................................8

Fed. R. Evid. 608(b).......................................................................................................2

Fed. R. Evid. 803(6)......................................................................................................10

Fed. R. Evid. 1006 .........................................................................................................1

I.     **MIL #1: The Kozlowski Summaries Are Irrelevant And Prejudicial**

The TA seeks to preclude ESI's discussion of the Court's exclusion of the Kozlowski charts and the related fee award in order to avoid unfair prejudice to the TA. TA Mtn. at 5.[1] The TA does not seek wholesale exclusion of the Court's decision denying ESI's motion for reconsideration. *NYCTA v. Express Scripts*, 19-CV-5196 (JMF), 2022 WL 3577426, at *1 (S.D.N.Y. Aug. 18, 2022) ("*Reconsideration Decision*"); ESI Opp. at 1.[2] In misrepresenting the TA's motion and the Court's *Reconsideration Decision*, ESI seeks to encroach on the jury's role by relying on an inapplicable rule of evidence in order to attack the TA's witness with irrelevant findings. Mr. Kozlowski's testimony will relate to Aon's work for the TA, including review and analysis of the compound spend and outlier prescribers and pharmacies. Proposed Joint Pre-Trial Order ("JPTO"), ECF No. 205 at 19. Mr. Kozlowski will not testify on the summary charts and declaration he submitted in support of the TA's opposition to summary judgment. The charts and declaration are therefore irrelevant to his testimony and should be excluded. Fed. R. Evid. 401.

ESI overreaches by arguing that it will be prejudiced if it is "prohibited from referring to the Court's prior legal analysis" related to the "various elements that the TA would have to establish" for admissibility of the TA's damages charts. ESI Opp. at 1; (citing *Reconsideration Decision*, 2022 WL 3577426, at *2). The "elements" are the standard admissibility requirements for a summary exhibit under Federal Rule of Evidence 1006. *Id.* Mr. Frye will testify in support of the TA's damages calculations[3] and provide an explanation for how his charts are admissible under Rule 1006. ESI should be precluded from raising before the jury the Court's findings as to Mr. Kozlowski's damages calculations because they are irrelevant and prejudicial.

Federal Rule of Evidence 608 is not applicable. Rule 608(b) is intended to allow cross-examination of a witness on *prior bad acts* that "while not constituting a criminal conviction,

---

[1] NYCTA's Memorandum of Law in Support of Motions *in Limine* Numbers 1-6, ECF No. 207 ("TA Mtn.").
[2] Express Scripts Opposition to NYCTA's Motions *in Limine* 1-6, ECF No. 213 ("ESI Opp.").
[3] *See* TA's opposition to ESI's motion *in limine* #1 for further discussion of Mr. Frye's exhibits under Rule 1006.

nevertheless tend[] to show that the witness is untruthful." *United States v. Whitmore*, 359 F.3d 609, 620 (D.C. Cir. 2004). Mr. Kozlowski's inability to provide proper foundation for his exhibits during his deposition does not equate to the "bad acts" or "misconduct" contemplated by Rule 608(b) in the cases cited by ESI. (*Compare* to a fraudster's false statements to an FBI agent (*U.S. v. Triumph Capital Group, Inc*., 237 Fed. Appx. 625, 628 (2d Cir. 2007); a police detective's testimony contradicting his written report that he could not convincingly explain; (*U.S. v. Cedeno*, 644 F.3d 79, 83 (2d Cir. 2011)); prior court's statement of "I think [the officer] lied under oath." (*Whitmore*, 359 F.3d at 619)).

If the Court finds Rule 608 applicable, the discussion of Mr. Kozlowski's exhibits and declaration should still be excluded as prejudicial under Fed. R. Evid. 403. "Rule 608(b) is subject to the overriding protection of" . . . 403's requirement for "the exclusion of evidence whose probative value is substantially outweighed by the danger or [sic] prejudice, confusion, or waste of time." *Vagenos v. LDG Fin. Svcs. LLC*, No. 09–cv–2672 (BMC), 2010 WL 1608877, *1, *2 (E.D.N.Y. Apr. 15, 2010) (excluding presentation of plaintiff's deposition testimony regarding prior debt collection actions as not probative of his trustworthiness and potentially confusing to the jury). The Court's findings regarding Mr. Kozlowski's declaration and summary exhibits— which are irrelevant to Mr. Kozlowski's proposed testimony, will not be admitted at trial (as stipulated by ESI), and are irrelevant to Mr. Frye's testimony—would only serve to mislead and confuse the jury on the TA's damages calculation and potentially prejudice the jury against Mr. Frye's testimony and exhibits. TA's motion *in limine* number 1 should be granted.

II.   **MIL #2: The 2019 ALJ Decision Is Irrelevant To The TA's Prior Determinations**

The core issue for trial is whether ESI breached its contractual duties to the TA. ESI's principal defense is that its offering of the compound management solution ("CMS") discharged those duties. The 2004 arbitration decision precluding the TA from unilaterally reducing benefits provides necessary context for the TA's inability to implement the CMS between 2016 and 2018.

The TA must be permitted to give the jury the context for why it could not enroll in the program at the heart of ESI's defense.

But that context changed dramatically in 2019. By then, the TA had experienced tens of millions of dollars in compound overspend, and there were publicly disclosed investigations into related compound fraud with multiple arrests and convictions. An internal ALJ's legal opinion in 2019 in the wake of these developments is irrelevant to the TA's stated inability to implement the CMS between 2016 and 2018.[4] The Court can and should exclude the 2019 decision and simultaneously admit evidence for why the TA refused to implement the CMS. Legal opinions issued after the close of the Contract period shed no light on the TA's prior understanding of the law. *Long Beach Road Holdings, LLC v. Foremost Ins. Co.*, 2:14-cv-01801 (ADS)(AYS), 2019 WL 2150821, at *6-7 (E.D.N.Y. May 17, 2019) (limiting introduction of documents that were not relevant to breach of contract claims during the contract period to avoid misleading the jury).

ESI's desire to "test" the strength of the TA's rationale for not implementing the CMS is an irrelevant and prejudicial sideshow—especially when that rationale relates to the inherently uncertain terrain of the TA's own legal authority to unilaterally change its benefits under relevant collective bargaining agreements and related orders. Even if the TA's rationale was flawed, that neither weakens the TA's claims that ESI breached its contractual duties nor strengthens ESI's defense that its *offer* of the CMS satisfied them. Whether ESI's offer of the CMS discharged its obligations does not depend on the adequacy of the TA's stated reasons for refusing it. And even if the inquiry itself were somehow relevant, an internal ALJ's decision in 2019 is irrelevant to the TA's stated inability to implement the CMS between 2016 and 2018, especially given the uncertain

---

[4] "Courts will not rely on the benefit of hindsight to question the soundness of the board's business decision, nor will the Court assume, without facts suggesting otherwise, that the decision was made in bad faith." *F5 Capital, a Cayman Islands Corp. v. Pappas*, 4 Civ. 9356 (AT), 2016 WL 900389, *1, *8 (S.D.N.Y. Feb. 17, 2016), *aff'd*, 856 F.3d 61 (2d Cir. 2017), *cert. denied*, 138 S.Ct. 473 (2017) (citing *Protas v. Cavanaugh*, Civ. A. No. 6555, 2012 WL 1580969, *1, *11 (Del. Ch. May 4, 2012) (explaining judicial deference to the board's assessment of risk without "hindsight bias is central to the protection that the business judgment rule affords corporate decisionmakers"). Here, the TA's leadership made decisions based on the available information at the time, and it should not now be judged through hindsight.

and unpredictable nature of the underlying *legal* question. ESI's goal is to confuse the jury by implying that the TA intentionally and improperly rejected the CMS based on a 2019 finding in order to deflect from the ultimate issues of ESI's failure to perform under the Contract. This type of prejudice and gamesmanship is precisely what Rule 403 is intended to preclude. TA Mot. at 11-13.

ESI's own claims of prejudice are unfounded. ESI suffers no prejudice through exclusion of the 2019 decision. *Id.* Without it, the narrative ends with the TA's implementation of the CMS in 2019 and the resulting savings. That ESI is unable to make the arguments it wants to make is not the same as it being unfairly prejudiced. Motion *in limine* number 2 should be granted.

III.   <u>**MIL #3: ESI's Enhanced FWA Program Is Irrelevant And Prejudicial**</u>

The TA's central claim is that ESI failed to inform the TA about egregious compound spend by certain pharmacies and prescribers and related red flags that ESI had already discovered in the ordinary course of its operations. That type of basic account management and customer service—*i.e.,* providing its client the basic information that ESI had at its fingertips—is encapsulated by the specific Contract provisions remaining for trial, including ESI's duties related to claims processing, pharmacy network management, overpayments, and the standard of care that suffuses these specific obligations. Am. Compl., ECF No. 42 at ¶¶27-32, 34-35.

ESI's invocation of an enhanced fraud, waste, and abuse ("EFWA") program that the TA never purchased is intended to distract the jury from ESI's duties under the basic Contract provisions, which the Court specifically held can be breached without establishing any fraud detection or prevention failure by ESI. *NYCTA v. Express Scripts*, 588 F.Supp.3d 424, 438 (S.D.N.Y. 2022) ("Under the relevant sections of the Contract, NYCTA need not provide evidence that each of the compound drug claims at issue was *in fact* fraudulent in order to demonstrate breach."). It is a continuation of ESI's longstanding effort to falsely frame the TA's affirmative case as alleging a failure to "prevent" or "identify" actual fraud—a framing that this Court rejected

4

in its summary judgment decision. The TA's case is rooted in ESI's basic account management

failures, not its fraud prevention or detection failures.

The language of Section 4.35 proves the point. Had the TA purchased the enhanced

program, ESI would have been required to "administer . . . a fraud prevention and detection

program, *including system edits and other procedures to critically examine* charges for all services

that appear abusive, excessive, or fraudulent . . . ." ECF No. 112-1 at 29. The TA does not allege

that ESI should have "implemented system edits and other procedures to critically examine" any

specific compound spend; the TA alleges that ESI should have told it about that outlier spend and

other red flags that it *already* discovered in a manner that reflected the urgency of the situation.

Because the additional services in Section 4.35 go beyond the basic account management

obligations the TA alleges ESI breached, the TA's refusal to purchase those services is irrelevant.

Federal Rule of Evidence 106 requires admission of an entire document in order to "*avert*

misunderstanding or distortion" not, as ESI attempts to do here, to mislead the jury. *Phoenix*

*Assocs. III v. Stone*, 60 F.3d 95, 102 (2d Cir. 1995) (quoting *Beech Aircraft Corp. v. Rainey*, 488

U.S. 153, 172 (1988) ("The common-law doctrine of completeness, on which Rule 106 is based"

requires introduction "of a full document.")). The Contract is identified as PX-105 and DX-49 and

the TA does not object to its admissibility. Rather, the TA seeks preclusion of *irrelevant arguments*

by ESI that the unexercised option for the EFWA—Section 4.35—is determinative of whether ESI

breached its duty of care under the *relevant* Contract provisions to avoid misunderstanding and

jury confusion. Whether ESI breached its duty of care under the relevant Contract provisions is

the question for the jury. Section 4.35 and the EFWA is irrelevant to that question, therefore the

TA's motion *in limine* number 3 should be granted.

IV.   **MIL #4: ESI's Rebuttal Expert's Testimony Must Be Limited To His Opinions**

The TA seeks to *limit* Mr. Rubenstein's testimony to the scope of his opinions and to

preclude him from attempting to respond to Ms. Hayes's principal opinion (Opinion #1) that his

report ignored. ESI's claim that the Rubenstein report rebuts Ms. Hayes' first opinion is demonstrably false based on a side-by-side comparison of the two reports. The first opinion in the Hayes report focuses on the TA's central claim in this case: ESI "failed to inform" the TA about egregious compound spend and related red flags that ESI had already discovered and that this failure was at odds with the industry standard of care. ECF No. 215-21 at 5. ("Such an extraordinary volume of compound claims—particularly ones filled by a Utah pharmacy and authorized by a California orthopedist for New York beneficiaries—should have been immediately . . . reported to the NYCTA."). ESI's failure to adequately provide this information to the TA was a basic account management failure that had nothing to do with the adequacy of ESI's FWA program. *Id.* at 12. ("It is highly unusual that a pharmacy submitting nearly $30 million dollars in compound prescriptions and a prescriber authorizing nearly $20 million in compound medications is not flagged by the PBM and brought to the attention of the client."). The Rubenstein report, on the other hand, expressly limits itself to the fraud context: "Express Scripts performed its Base Fraud Monitoring consistent with industry standards." ECF No. 208-2 at 7. It does not rebut Ms. Hayes' opinion that ESI failed to satisfy the industry standard of care by not adequately raising the compound spend with the TA.

Regardless of Mr. Rubenstein's characterizations of his report during his deposition, his testimony must be limited to those opinions in his report. "Rebuttal experts cannot 'put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts.'" *Mason v. Am. Family Mut. Ins. Co.*, No. 1:19-cv-01537-PAB-SKC, 2020 WL 5982883*1, *2-*3 (D. Col. Oct. 8, 2020). Mr. Rubenstein may only testify in rebuttal to the opinions the TA actually sets forth in its case-in-chief and based on opinions set forth in his report. *In re Navidea Biopharmaceuticals Litig.*, 19-CV-1578 (VEC), 2022 WL 16833587, *1, *14 n.21 (S.D.N.Y. Nov. 9, 2022) (quoting *Mason*, 2020 WL 5982883 at *3). As such, the scope of Mr.

Rubenstein's testimony should be limited to (1) testimony by Ms. Hayes related to her Opinion #2; that (2) Mr. Rubenstein *actually* rebutted in his report.

V.      **MIL #5: TA's 30(b)(6) Witnesses May Not Testify To Topics Outside Their Personal Knowledge**

The TA objects to unnecessarily extending trial to allow ESI another opportunity to seek testimony from Ms. Harper and Ms. Rachmuth on topics that are irrelevant, outside their respective personal knowledge, and may be privileged. ESI seeks to call Ms. Harper to testify on "NYCTA's efforts to *secure restitution from the Department of Justice* for the NYCTA-employee compound fraud." ESI. Opp. at 12. It seeks to call Ms. Rachmuth to testify on "NYCTA's *filing* of an insurance claim for the compounding fraud, including the materials submitted, amounts sought, and the timing of these efforts." *Id.* These topics are identical to or included in their 30(b)(6) deposition topics; in fact, ESI has designated 30(b)(6) deposition testimony covering these very topics. *See* ECF No. 208-3 (DX-274). The TA is willing to stipulate to (1) its victim status under the criminal proceedings against former MTA employees, (*see* Decl. of Stephanie A. Ackerman in Support of Pl.'s Reply ("Ackerman Decl."), Ex. 1, (2) the date notice was submitted to the TA's insurance carrier and (3) status of the claim as pending. (*see id.*, Exs. 2-3. Nor does the TA object to the admission of their deposition testimony but any testimony beyond those topics is inadmissible.

There is currently no Second Circuit decision that requires the Court to allow ESI to call Ms. Harper or Ms. Rachmuth to testify on topics outside their personal knowledge. And more recent case law rejects the *Abbott* decision ESI relies on for its finding that a 30(b)(6) witness can testify to matters outside his or her personal knowledge at trial.[5] "Federal Rule of Civil Procedure 30(b)(6) allows for *deposition testimony* on topics from a corporate representative" even if it is

---

[5] *Abbott Lab'ys v. Feinberg*, 2020 WL 7706571, at *1 (S.D.N.Y. Oct. 15, 2020). The court rejected *Abbott*'s reasoning because there the Court allowed the designation of "Rule 30(b)(6) deposition testimony from the plaintiff's Rule 30(b)(6) corporate representative and allowed related direct- and cross-examination of the live witness. 2020 WL 7706571, at *1–2.

"outside the representative's personal knowledge." *AngioDynamics v. C.R. Bard*, 1:17-cv-598 (BKS/CFH), 2022 WL 4333555, *1, *2 (N.D.N.Y. Sept. 19, 2022).

In contrast to Fed. R. Evid. 602, the adverse party may use the 30(b)(6) deposition for "any purpose" at trial, even *if the deposition testimony is outside* the representative's personal knowledge. *Id.* But it does not follow that the corporate representative witness may *testify at trial* on topics outside the representative's personal knowledge. *Id.* Considering this question in the context of the producing party's attempt to elicit fact testimony from its 30(b)(6) witness, the *Angiodynamics* court noted that "[c]ourts are divided and the Second Circuit has not yet ruled on the issue." *Id.* But the Court nevertheless found that "the Federal Rules do not allow such a circumvention of the rule against hearsay as is suggested by" ESI. *Id.*

Ms. Harper and Ms. Rachmuth have testified to the TA's identification as a victim in the criminal proceedings and the submission of notice of an insurance claim related to the criminal actions, respectively. Ackerman Decl., Exs. 1-2. Ms. Harper made clear that she has no personal knowledge about certain issues. More broadly, the topics identified by ESI are narrow topics tied to events fixed in time on which ESI has already questioned the witnesses, and the vital statistics to which the TA is willing to stipulate. ESI clearly seeks to elicit testimony beyond their 30(b)(6) testimony and beyond their personal knowledge. *See* ECF No. 208-4 at 66:1-67:15. Moreover, whether the TA has submitted an insurance claim (which ESI already knows it has) or has worked with the Department of Justice to be identified as a victim in the criminal proceedings (Ms. Harper confirmed that she has) has no bearing on the core issues for trial.

ESI's claim that the relevant communications cannot be privileged because the TA's legal counsel "may serve both legal and business functions" is unfounded. Whether the TA's counsel, including Ms. Harper, have interactions that do not qualify as privileged does not automatically negate the privilege here. Ms. Harper's communications regarding the TA's "alleged harm caused by the compounding fraud" and issues of potential "restitution" available to the TA, including

information she received, is protected because "the privilege protects certain communications between attorney and client regardless of the direction in which the information flows." *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 547, 555 (S.D.N.Y. 2013)(citing *Upjohn Co. v. United States*, 449 U.S. 383 (1981)). Her legal analysis as to the identification of the TA as a victim in the criminal actions and related harm is therefore protected. In the case of Ms. Rachmuth, because this was related to a criminal act, it necessitated her discussions with the legal department for advice and input on information to provide the insurance company related to the underlying criminal actions. *See* ECF No. 208-5 at 36:23-38:17. Subsequent submissions of information to the insurer do not waive the privilege applicable to the advice Ms. Rachmuth received.

Because neither witness can be reasonably expected to provide relevant testimony based on her personal knowledge that has not already been provided in her 30(b)(6) deposition, and any additional information is likely privileged, the TA's motion *in limine* number 5 should be granted.

## VI.   <u>**MIL #6: The ESI Claims Data File Is Authentic And Admissible**</u>

The TA seeks advance ruling by the Court on the spurious arguments by ESI that the claims data file it produced to the TA is not what the TA purports it to be. Despite ESI's arguments to the contrary, such a request falls squarely under the "district court's inherent authority to manage the course of its trials," *Highland Capital Mgmt. L.P. v. Schneider*, 551 F.Supp.2d 173, 176 (S.D.N.Y. 2008), and to enable the Court to rule on initial evidentiary matters in advance of trial to avoid lengthy argument and delay. *See Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir.1996).

ESI's claim that the "ESI claims data" was not properly identified by the TA is belied by ESI's fulsome response. The TA identified the data at issue as "Express Script's raw 'claims data'" as referenced in the Court's *Reconsideration Decision*. 2022 WL 3577426 at *3 (identifying the raw claims data as one of three potentially admissible sources of damages for TA). Despite ESI's

complaints, the Court has clearly identified the "ESI raw claims data" at issue in this case and this motion and therefore it cannot claim surprise or prejudice.[6] *Id.*

The bar for authentication is "relatively low," *Smith v. City of N.Y.*, 14-CV-9069 (ER), 2016 WL 5793410, at *3 (S.D.N.Y. Sept. 30, 2016), and the "standard for authentication, and hence for admissibility, is one of reasonable likelihood." *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999). ESI's very act of producing a file in response to a request for it under FRCP 34(a) supports the "reasonable likelihood" that the data is what ESI *itself* purports it to be. *Id.* at 49; *Bieda v. JCPenny Commc'ns*, No. 92 CIV. 5910, 1995 WL 437689, *1 n. 2 (S.D.N.Y. Jul. 25, 1995) ("[T]he mere fact that Defendants here produced most of the documents in question is at least circumstantial, if not conclusive, evidence of authenticity.").[7] In the alternative, should the Court grant ESI's ability to dispute the authenticity of its own claims data—which is crucial to the TA's presentation of its damages calculation—the TA respectfully seeks the Court's leave to authenticate through other means, including calling an ESI custodian of records at trial.

Both parties included the ESI Claims Data on their trial exhibit lists and neither party noted any objection to its authenticity or admissibility.[8] Therefore, subject to presentation by a witness who is able to lay the proper foundation, DX-50 and PX-266, should be admissible at trial.

## CONCLUSION

For the foregoing reasons, the TA respectfully requests that the Court grant its motions *in limine* numbers 1 through 6.

---

[6] JPTO, Attach. F at 8. The TA marked the Native file containing the ESI claims data as PX-266 and ESI marked it as DX-50 "Express Scripts Claims Data for NYCTA." The JPTO was filed simultaneously with the parties' motions *in limine* which resulted in the inadvertent omission of the trial exhibit numbers in the TA's motion *in limine*.
[7] The TA needs only offer "sufficient proof . . . [by which] a reasonable juror could find in favor of authenticity or identification" and the "trial court has broad discretion in determining whether an item of evidence has been properly authenticated." *Hart v. BHH, LLC*, 15cv4804, 2019 WL 1494027*1, *3 (SDNY Apr. 4, 2019) (quoting *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001) (cleaned up).
[8] The TA's analysis of the admissibility under Rule 803(6) does not transform the ESI Claims Data into inadmissible hearsay as ESI proposes. ESI Opp. at 17.

Dated:  New York, New York
        December 14, 2022

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: <u>/s/ *John Siegal*</u>
    45 Rockefeller Plaza
    New York, NY 10111
    Phone: (212) 589-4200
    Fax: (212) 589-4201
    John Siegal
    Maximillian S. Shifrin
    Stephanie A. Ackerman
    Alexa T. Bordner

    *Attorneys for Plaintiff New York City*
    *Transit Authority*