UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                       :

NEW YORK CITY TRANSIT AUTHORITY,      :

                                  Plaintiff,            :
                                                        :          19-CV-5196 (JMF)
                    -v-                             :
                                                        :      MEMORANDUM OPINION
EXPRESS SCRIPTS, INC.,                          :             AND ORDER

                                  Defendant.        :
                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       In this case, familiarity with which is presumed, Plaintiff New York City Transit Authority ("NYCTA") is suing its former pharmacy benefits manager, Express Scripts, Inc., ("Express Scripts"), for breach of contract. Trial is scheduled to begin on March 13, 2023. In advance of trial, each party has filed multiple motions *in limine*, *see* ECF Nos. 203, 206, the most substantial of which is Express Scripts's first, to exclude the damages totals from NYCTA's Amended Initial Disclosures and any testimony about them — namely from Derek Frye. Express Scripts argues that the evidence should be precluded pursuant to Rule 37 of the Federal Rules of Civil Procedure, that Frye should be precluded as an expert witness who was not disclosed as such, and that NYCTA's summary damages charts are inadmissible under 1006 of the Federal Rules of Evidence.

       Upon review of the parties' papers, Express Scripts's first motion *in limine* is DENIED. Suffice it to say, NYCTA could have and should have disclosed its damages calculations earlier. But weighing the factors set forth in *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006), the Court rejects Express Scripts's arguments under Rule 37. Most significantly, the evidence is

obviously critical to NYCTA's case and the prejudice to Express Scripts is mitigated, if not eliminated, by the fact that the damages calculations are "based on the [Express Scripts] Claims Data *alone*." ECF No. 216 ("NYCTA Opp'n"), at 4; *see also* ECF No. 200, at 2 (making the same representation).[1]  Based on NYCTA's representations, the Court is inclined to think that Express Scripts's expert witness and summary chart objections are also unfounded — that Frye does not qualify as an expert and that the charts are proper summaries under Rule 1006 — but Express Scripts may renew these objections on those bases at trial when the record is more developed.

Finally, in light of the Court's ruling, Express Scripts is granted leave to take a deposition of Frye, not to exceed three hours and to be conducted no later than **February 23, 2023**.

For the foregoing reasons, Express Scripts's first motion *in limine* is DENIED, albeit without prejudice to objections at trial that Frye's testimony is improper expert testimony and that the damages charts are inadmissible under Rule 1006.  The Court reserves judgment for now on the parties' remaining motions *in limine*.

SO ORDERED.

Dated: February 2, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] Suffice it to say, if NYCTA's representations on that score prove to be false, the Court may reconsider its decision (not to mention consider whether sanctions beyond preclusion would be warranted).