```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
NEW YORK CITY TRANSIT AUTHORITY,                                   :
                                                                   :
                              Plaintiff,                           :
                                                                   :           19-CV-5196 (JMF)
                -v-                                                :
                                                                   :          MEMORANDUM OPINION
EXPRESS SCRIPTS, INC.,                                             :              AND ORDER
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Plaintiff New York City Transit Authority ("NYCTA") is suing its former pharmacy benefits manager, Express Scripts, Inc., ("Express Scripts"), for breach of contract. Trial is scheduled to begin on March 13, 2023. In advance of trial, each party filed multiple motions *in limine*. *See* ECF Nos. 203, 206. On February 2, 2023, the Court ruled on one of them — Express Scripts's first motion *in limine*, to exclude the damages totals from NYCTA's Amended Initial Disclosures and any testimony about them. *See* ECF No. 242. The Court rules on the remaining motions as follows:

- **Express Scripts's Motion *in Limine* #2:** The motion is denied as moot as to the Caribou dataset (given NYCTA's concession that it will not use the dataset to prove damages) and as to Ms. Ridgway. Whether the Aon Report is admissible may turn on the purpose(s) for which NYCTA seeks to use it and whether NYCTA can lay a proper foundation for that purpose, neither of which is clear on the present record. Accordingly, the motion is denied as to the Aon Report without prejudice to renewal by objection at trial. As to Mr. Kozlowski, however, the motion is granted substantially for the reasons set forth in Express Scripts's memoranda. Applying and weighing the factors set forth in *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006), the Court concludes that excluding Mr. Kozlowski's testimony is warranted. Among other things, NYCTA counsel permitted Mr. Kozlowksi to answer questions during his deposition only about damages, *see, e.g.*, ECF No. 204-5, at 48 (counsel, during the deposition, stating "I'm instructing [Mr. Kozlowski] not to answer. And if you continue down this line of questioning, which

is . . . not related to [Mr. Kozlowski's damages] declaration . . . I'm going to instruct [him] not to answer, and I'm going to instruct him not to answer time and again . . . so get to the [damages] declaration."), a subject matter that the Court has precluded him from testifying about at trial. Allowing NYCTA to expand the scope of its initial disclosure with respect to Mr. Kozlowski at the eleventh hour and to call Mr. Kozlowski to testify about new subjects would "essentially sandbag[]" Express Scripts. *See Downey v. Adloox Inc.*, No. 16-CV-1689 (JMF), 2018 WL 794592 (S.D.N.Y. Feb. 8, 2018).

- **Express Scripts's Motion *in Limine* #3:** The motion is denied substantially for the reasons set forth in NYCTA's opposition. Put simply, the amount that NYCTA paid to and through Express Scripts is helpful in understanding the relationship between the parties and the job that Express Scripts was hired to do — and thus probative of both duty and breach. The Court is confident that the jury will not be misled to believe that the figure is the amount of Express Scripts's profit, let alone a measure of damages. In any event, the remedy for any such confusion would be limiting instructions, not exclusion.

- **Express Scripts's Motion *in Limine* #4:** The motion is granted substantially for the reasons set forth in Express Scripts's memoranda. Put simply, Express Scripts's size, financials, and parent company are irrelevant to any issues to be tried. (Contrary to NYCTA's assertions, the relevant standard of care is based on the industry, not on the size, reputation, or parentage of Express Scripts.) Additionally, to the extent these issues have any probative value, it is substantially outweighed by the danger of unfair prejudice.

- **Express Scripts's Motion *in Limine* #5:** The motion is granted substantially for the reasons set forth in Express Scripts's memoranda. Whether or not NYCTA's financial condition is appropriate for judicial notice (the Court is skeptical) is immaterial; the evidence is not relevant to any issues to be tried and can only result in prejudice.

- **Express Scripts's Motion *in Limine* #6:** The Court is inclined to agree with Express Scripts that Mr. Ross is not a proper witness given his lack of relevant personal knowledge, but the Court reserves judgment pending further discussion at the final pretrial conference, where NYCTA should be prepared to make a detailed proffer about the subject matters of Mr. Ross's testimony.

- **Express Scripts's Motion *in Limine* #7:** The motion is denied. The Court agrees with NYCTA that the argument should have been raised on summary judgment and is not proper for a motion *in limine*. (The Court is unpersuaded by Express Scripts's efforts to blame its failure to raise the issue on summary judgment on NYCTA's damage disclosure issues.) At this point, the issue is one for argument to the jury in the first instance.

- **Express Scripts's Motion *in Limine* #8:** The motion is granted substantially for the reasons set forth in Express Scripts's memoranda. NYCTA may elicit that Express Scripts understood the implications and risks of prescription drug plans covering compound drugs from other contracts and relationships, but there is no need to get into the particulars of TRICARE itself. The particulars of TRICARE are irrelevant and any probative value is substantially outweighed by Rule 403 dangers, including confusion, waste of time, and unfair prejudice.

- **Express Scripts's Motion *in Limine* #9:** The Court agrees with NYCTA that the reports at issue would be admissible if they are probative of what Express Scripts knew or should have known during the relevant period (namely, before February 2018). But NYCTA fails to explain whether or to what extent that is the case. NYCTA should be prepared to do so with particularity at the final pretrial conference. Pending further discussion at that conference, the Court reserves judgment on the motion.

- **NYCTA's Motion *in Limine* #1:** In light of Express Scripts's (wise) representation that it will not seek to introduce Mr. Kozlowski's summary charts (or the Court's exclusion thereof) and the Court's fee award, not to mention the Court's ruling above as to Mr. Kozlowski's testimony generally, the motion is denied as moot. The Court can and will resolve any of the other issues raised by the parties at trial.

- **NYCTA's Motion *in Limine* #2:** The Court agrees with NYCTA's observation in reply that "[w]hether [Express Scripts's] offer of the [Compound Management Solution ('CMS')] discharged its obligations does not depend on the adequacy of the [NYCTA's] stated reasons for refusing it." ECF No. 231, at 3. That it, although it is certainly relevant that NYCTA refused the CMS, there is no need to get into the particulars of *why* NYCTA did so, let alone whether that decision was sound or unsound. Given that, the Court fails to see what relevance *either* the 2004 arbitration decision *or* the 2019 legal opinion has to the issues in this case and, unless and until the Court is persuaded otherwise, all of it will be excluded. With that understanding, the motion is granted.

- **NYCTA's Motion *in Limine* #3:** The motion is denied substantially for the reasons stated in Express Scripts's opposition. That is, the existence and availability of the Enhanced Fraud, Waste, and Abuse program — within the same contract no less — is plainly relevant to, and highly probative of, the terms of the parties' agreement.

- **NYCTA's Motion *in Limine* #4:** The Court agrees with Express Scripts that NYCTA reads Mr. Rubenstein's report too narrowly — that is, that the section of his report titled "No Obligation to Report Non-Findings of Fraud," *see* ECF No. 214-3, at 16-17, is somewhat relevant to Ms. Hayes's opinion on "the industry standard of care as applied to account management, including identification and communication of outlier data," ECF No. 207, at 9. That said, Mr. Rubenstein (like any other expert) will not be permitted to testify beyond the scope of his expert report. For that reason, the motion is denied without prejudice to renewal by objection at trial.

- **NYCTA's Motion *in Limine* #5:** The motion is denied substantially for the reasons set forth in Express Scripts's opposition. *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17-CV-598, 2022 WL 4333555 (N.D.N.Y. Sept. 19, 2022), cited by NYCTA for the first time in reply, is inapposite, as the witness at issue there was called by the same party that had designated him as a Rule 30(b)(6) witness. That said, to ensure that the record is clear, the Court would be inclined to limit live examination of the witnesses to matters within their personal knowledge and to allow Express Scripts to use their Rule 30(b)(6) depositions as appropriate. The parties should confer and be prepared to discuss this issue at the final pretrial conference.

- **NYCTA's Motion *in Limine* #6**: The motion is denied. To the extent that a party seeks to admit evidence, it is that party's burden to establish the requisite foundation — whether by stipulation or through a sponsoring witness. Assuming that Express Scripts is not willing to stipulate to authenticity, the Court will — in light of its ruling and the absence of any objection to the exhibit on the exhibit list — permit NYCTA to call an Express Scripts custodian at trial. The parties should confer and be prepared to address the issue at the final pretrial conference.

The Clerk of Court is directed to terminate ECF No. 206.

    SO ORDERED.

Dated: February 8, 2023
      New York, New York
                                           JESSE M. FURMAN
                                          United States District Judge