# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T  212.589.4200
F  212.589.4201
www.bakerlaw.com

Stephanie A. Ackerman
direct dial: 212.847.2851
sackerman@bakerlaw.com

March 12, 2023

**VIA ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Room 1105
New York, NY 10007

*Re:*     *New York City Transit Authority v. Express Scripts, Inc.*
          No. 1:19-cv-05196-JMF (S.D.N.Y.)

Dear Judge Furman:

We represent the New York City Transit Authority, plaintiff in the above-captioned action. In accordance with Your Honor's directive during the final pretrial conference, the parties exchanged the demonstratives each intends to use during its opening statements at 5pm on March 10, 2023. Tr. Final Pretrial Conf. (Mar. 7, 2023), 68:22–69:7. Plaintiff identified one demonstrative.  On Friday evening, Defendant provided 134 slides that include, but are not limited to, presentation of marked exhibits not in evidence, deposition testimony, improper argument, and highly prejudicial material that would otherwise never be allowed to be shown to the jury.

As the Court directed, the parties met and conferred last night to attempt to resolve the parties' objections.  *Id.* ("Try to work it out, and if you can't work it out, raise it with me in a timely fashion.").  At Noon today, March 12, 2023, Defendant provided an amended set of 127 slides for use in its opening statement addressing some of Plaintiff's objections, however, several objections remain that we now raise for the Court's consideration.

**Demonstratives Containing Marked Proposed Exhibits:**

Defendant's opening statement demonstratives include 34 Defendant-marked exhibits and eight Plaintiff-marked exhibits.  Defendant maintains multiple evidentiary objections to all of the marked Plaintiff's exhibits included in its demonstratives.  Trial has not begun and although the parties have stipulated to the admissibility of ten of the Defendant marked exhibits, not a single

Hon. Jesse M. Furman                                                                              Page 2
March 12, 2023

exhibit has been admitted into evidence or will be admitted before opening statements. Even
stipulated exhibits require testimony by a witness with knowledge before they may be *admitted*
into evidence, meaning their admissibility is *not* a foregone conclusion and their presentation to
the jury in opening statements is improper and misleading.  Fed. R. Evid. 403.

At the final pretrial conference, when issues regarding appropriate advocacy in opening
statements came up, Plaintiff's counsel stated the following: "with regard to what can and can't be
said in openings . . . [w]e're very well-aware that one doesn't argue evidence in an opening."  Tr.
Final Pretrial Conf. (Mar. 7, 2023), 55:25-56:2.  At no time during the rest of the conference did
defense counsel raise the issue of arguing or citing to evidence—let alone seeking to display
unadmitted exhibits to the jury—during opening statements.  The Court, of course, made no further
statement regarding arguing evidence during openings because *a fortiori* it is not permitted.  The
Court certainly said nothing at the preliminary conference that could have led the defense to
believe that a 100+ page power point full of pictures and direct quotes from exhibits not yet in
evidence would be permitted.

Defendant disagrees and no resolution was reached during the meet and confer.

### **Demonstratives Containing Deposition Transcripts and Prejudicial Photos:**

Defendant provided five demonstratives that include deposition testimony of witnesses
who the parties represent they will call live—Mr. Masella, Ms. Lodge, Ms. Moore-Ward, and Dr.
Hayes. Under Fed. R. Civ. P. 32, deposition testimony of witnesses who are testifying live may
only be used for (1) impeachment; or (2) as testimony of a party, agent or designee. Fed. R. Civ.
P. 32(a)(2); 32(a)(3).  None will have testified prior to opening statements, making it impossible
for the testimony to be admissible as impeachment testimony. Further, unless Dr. Hayes's
specific deposition testimony cited in the opening is also used to impeach her, it will not be
admitted and presentation of her testimony in opening will only serve to potentially confuse the
jury as to her relevant trial testimony.  Fed. R. Evid. 403.

Likewise, Fed. R. Civ. P. 32(a)(6) and Fed. R. Evid. 801(d)(2) do not provide a right to
present the deposition testimony to the jury before it is admitted into evidence. As with the
marked exhibits, Defendant's ability to rely on this testimony does not make it admitted
evidence, and its presentation to the jury in opening statements is improper and misleading. Fed.
R. Evid. 403.  The risk of prejudice to Plaintiff in this context is particularly problematic because
it would result in the jury hearing potentially irrelevant or objectionable testimony from its
witnesses before they appear live.

Defendant also includes five slides containing "photos" of Mr. Masella and Dr. Hayes
from their deposition testimony and photos from an unidentified source of Ms. Lodge and Ms.
Moore-Ward.  These photos are grainy, in some instances unflattering, and wholly unnecessary

Hon. Jesse M. Furman                                                                     Page 2
March 12, 2023

given that these witnesses are available and the parties have stated they will all testify live. Plaintiff objects to their inclusion in the opening statements as prejudicial.  Fed. R. Evid. 403.

Defendant offered to consider removal of Dr. Hayes's testimony slide during the meet and confer, but there has been no resolution on that issue or the remainder of Plaintiff's objections to these slides.

### <u>Demonstratives Containing Statements Constituting Legal Argument and Irrelevant Entities:</u>

Six demonstratives include declarations of "NO FRAUD" and several others include argument regarding whether fraud was found in relation to the Defendant's investigation of pharmacies and prescribers, Mr. Masella's motivation for blocking certain pharmacies and doctors, and whether Defendant's programs could have prevented fraud.  Whether fraud existed among the prescribers and providers is irrelevant because it is not Plaintiff's burden to prove there was fraud. The flashing of "no fraud" is not probative of any issue in the case and it is highly prejudicial and likely to confuse the jury. Fed. R. Evid. 402, 403.  Several slides include reference to Walgreens, CVS, and Duane Reade—entities that were not included in the voir dire and reference to them is potentially prejudicial.  Because they are irrelevant to the case, it would be a waste of time for the Court to further voir dire potential jurors regarding any connection to them. Fed. R. Evid. 403.

It is axiomatic that "[t]he function of an opening statement is merely to state what evidence will be presented, to provide an outline of proposed proof . . . . it is not an occasion for argument." *United States v. Salovitz*, 701 F.2d 17 (2d Cir. 1983) (quotations omitted).  It is well-within the Court's "very broad discretion over the content of opening statements" . . . "to direct counsel not to mention inadmissible, confusing, and speculative topics during counsel's opening statement." *United States v. Epps*, 11-CR-309-A, 2016 WL 2907540, *4 (W.D.N.Y. May 19, 2016) (quoting *United States v. Salovitz*, 701 F.2d 17 (2d Cir. 1983) (quotations and citations omitted)).

Plaintiff respectfully requests that the foregoing objectionable and prejudicial references be excluded from Defendant's opening statement declarations.

We thank the Court for its attention to the immediate request and the undersigned is available to address any questions.

Respectfully submitted,

*/s/ Stephanie A. Ackerman*
Stephanie A. Ackerman