**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S EMAIL ADDRESS
mikelyle@quinnemanuel.com

March 12, 2023

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

    Re:    *New York City Transit Authority v. Express Scripts, Inc.*
              No. 1:19-cv-05196-JMF (S.D.N.Y.)

Dear Judge Furman:

      I write on behalf of Defendant Express Scripts to request an order excluding portions of the demonstrative that NYCTA intends to use in its opening statement.  The demonstrative, attached hereto as Exhibit A, is a one-page chart extracted from PX-127, attached hereto as Exhibit B.  PX-127 is a December 6, 2018 Aon presentation regarding the extension of NYCTA's contract with Express Scripts; the chart upon which NYCTA's demonstrative is based appears at NYCTA000020443.  That chart purports to show NYCTA's monthly compound spend over time, including an initial period (from January 2014 through March 2016) when Optum, Inc. ("Optum") managed NYCTA's prescription drug plan, and the subsequent period (from April 2016 through September 2018) when Express Scripts managed the plan.  On the basis of this chart, NYCTA intends to argue that the increase in compound spend under Express Scripts, as compared to the prior period under Optum, reflects Express Scripts' alleged failure to perform its contractual obligations as to compound prescriptions.

      Express Scripts objects to the portion of the demonstrative purporting to show NYCTA's compound spend under Optum.  The Court's instruction on this was clear: "[W]e're not going to get into Optum.  We're not going to get into Optum's performance or lack thereof in another contract, so it will be very limited to put it in context." March 7, 2023 Tr. at 56:23-57:8.  NYCTA's demonstrative goes well beyond contextualizing.  The comparison that NYCTA intends to draw between its purported compound spend in the Optum period versus the Express Scripts period is misleading, as the comparison necessarily rests on unstated and unfounded assumptions about the terms of Optum's contract with NYCTA, the market and industry conditions that Optum faced at the time, and Optum's performance under the contract.  But NYCTA cannot prove those assumptions—and Express Scripts is prejudiced in its ability to rebut them—because there is no

evidence in the record bearing on them, nor any Optum witness who will be testifying at trial. Even if there were, Express Scripts should not be forced to engage in a mini-trial on a third-party's performance of an entirely separate contract. NYCTA can appropriately contextualize this issue by beginning its demonstrative in April 2016, when Express Scripts began managing NYCTA's plan. The earlier portion of the chart should be excluded.

*First*, the portion of the chart purporting to show NYCTA's compound spend under Optum is irrelevant, misleading to the jury, and unfairly prejudicial to Express Scripts. *See* Fed. R. Evid. 401 & 403. NYCTA intends to argue that the compound spend under Express Scripts should have more closely resembled the compound spend under Optum. The chart, however, does not control for changes in the overall claim volume over time, changes in the demand for and availability of compound medications, and changes in general market conditions. Further, NYCTA's argument rests on a misleading, irrelevant "apples-to-oranges" comparison *unless* NYCTA can show that Optum and Express Scripts were similarly situated in terms of their respective contracts with NYCTA. The comparison is misleading and irrelevant, for instance, if terms like "Compound Prescription" and "claim" were defined differently under Optum's contract, or if Optum faced different pricing for compound prescriptions.

*Second*, Express Scripts cannot verify the accuracy of the underlying Optum data reflected in the chart, and there will be no Optum witness at trial to authenticate that data and lay a proper foundation for the chart. *See* Fed. R. Evid. 901; *Luxury Lease Co. v. 31 S. 2nd JIG, LLC*, 2021 WL 2019286, at *5 (S.D.N.Y. Apr. 26, 2021) (plaintiff failed to authenticate chart due to lack of competent evidence "to support the amounts claimed in the calculation"). The purported Optum data is also hearsay that does not fall within a recognized exception. *See* Fed. R. Evid. 802.

The relevant time period for assessing Express Scripts' performance under its contract with NYCTA is the term of that contract, from April 2016 to May 2019. To draw an appropriate "apples-to-apples" comparison, NYCTA could have sought third-party discovery concerning pharmacy benefit management plans without compound management solution controls from the 2016 to 2019 time period. Having failed to do so, NYCTA should not be permitted to draw misleading comparisons to Optum's performance under a different contract at a different time—comparisons founded on assumptions that Express Scripts is unable to adequately test. It is telling that the only demonstrative that NYCTA seeks to present to the jury in its opening is this highly prejudicial, irrelevant and unsupported chart: NCYTA understands how prejudicial it will be.

For the foregoing reasons, Express Scripts respectfully requests that the Court exclude the Optum portion of the demonstrative that NYCTA intends to use in its opening statement.

Respectfully submitted,

/s/ *Michael J. Lyle*

Michael J. Lyle

cc: All Counsel of Record (via ECF)