# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 16, 2023

Maximillian S. Shifrin
direct dial: 212.589.4252
mshifrin@bakerlaw.com

**VIA ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re:   *New York City Transit Authority v. Express Scripts, Inc.*
      No. 1:19-cv-05196-JMF (S.D.N.Y.)

Dear Judge Furman:

On behalf of plaintiff the New York City Transit Authority, we write in response to Express Scripts's March 13, 2023 letter requesting leave to call a non-disclosed expert witness without satisfying any of the testimonial expert requirements of Fed. R. Civ. P. 26(a)(2)(B). The Court should deny Express Scripts's request as untimely and completely prejudicial.

The proffered "summary" chart neither rebuts nor responds to the Frye summaries, which simply total compound claims paid through blocked pharmacies and providers during the relevant periods. In fact, the one portion of Express Scripts's proposed chart that actually summarizes Express Scripts's claims data—*i.e.,* the column titled Total Compound Claims—*confirms* the accuracy of Mr. Frye's summaries. Excluding the 2019 claims Express Scripts includes in its proposed chart, there is only a three claim difference between its chart and the applicable Frye summary (PX-328). Rather than rebutting anything Mr. Frye did, the chart offers expert opinion testimony on the separate topic of whether those compound claims were covered by the NYCTA's benefit plan.[1] This is a different, inherently expert issue that has nothing to do with the limited purpose of Mr. Frye's summaries. It is not even probative of the issue the jury needs to resolve because the NYCTA's claims arise not just under the Plan, but also under the Contract. Most importantly, the subject of Express Scripts's proposed summaries relates to its longstanding defense in this case—*i.e.,* that compounds were covered under the benefit plan—

---

[1] The proposed witness was not involved in the events of this case, did not conduct a claims review in the ordinary course, and therefore is not a percipient witness. By offering a consultant who was not involved at the time, Express Scripts is necessarily offering opinion testimony under Fed. R. Evid. 703.

and thus Express Scripts has no justification for its disclosure of this chart in the middle of an ongoing trial.

Chart aside, Express Scripts proffers a list of vague testimonial subjects that are clearly expert opinion primarily focused on rebutting the NYCTA's non-expert use of Mr. Frye's summaries to prove its damages rather than rebutting the summaries themselves.  But the NYCTA neither disclosed nor ever intended to disclose a damages expert in this case, and thus there is nothing for this proposed expert to rebut.  Express Scripts seeks to introduce an expert witness to make the kinds of arguments counsel will undoubtedly make in summation, and that is precisely where such argument belongs.  It would be completely improper to permit Express Scripts to miscast Mr. Frye as some sort of expert-adjacent summary witness—an argument this Court has already rejected—as justification for calling a last-minute rebuttal damages expert where no case-in-chief expert on the subject will be called.  NYCTA has had no opportunity to depose Express Scripts's proposed witness, Express Scripts has not produced the required report under Rule 26, and Express Scripts's letter includes only general descriptions of the witness's proposed testimony.  There is no defensible argument to support this sort of ambush.

Express Scripts's complaints of prejudice ring hollow.  As this Court recently recognized, "the prejudice to Express Scripts is mitigated, if not eliminated, by the fact that the damages calculations are based on Express Scripts's data *alone*."  ECF No. 242 (emphasis in original).  As such, permitting Express Scripts to call an undisclosed expert witness in the middle of an ongoing trial would be curing non-existent prejudice with the real thing.  Express Scripts has known about the NYCTA's theory of damages since 2020.  Express Scripts has known since early 2021 that the NYCTA did not intend to call an expert witness to support its damages and instead planned to offer basic summaries of claims data.  Armed with this information, Express Scripts chose to focus entirely on precluding the NYCTA from offering these basic summaries of Express Scripts's own data rather than preparing to substantively rebut the NYCTA's damages case.  That was clearly a tactical choice that Express Scripts must live with given that we are now three days into trial.

The NYCTA again reiterates that it regrets its admitted oversight to timely serve a Rule 26 damages computation.  But it has paid a steep price for that already, and there are no grounds to level additional penalties, much less the kind Express Scripts seeks here.  Nor has Express Scripts remotely demonstrated the prejudice necessary to support springing an undisclosed expert witness on the NYCTA now.  The Court should therefore deny Express Scripts's request to call its proffered witness in its entirety.

Respectfully submitted,

*/s/ Maximillian S. Shifrin*

Maximillian S. Shifrin