# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NEW YORK CITY TRANSIT AUTHORITY,                   :
                                                                                       :
          Plaintiff,                                                  :   Case No. 1:19-cv-05196
                                                                                       :
          v.                                                                :   **EXPRESS SCRIPTS'**
                                                                                       :   **OBJECTIONS AND**
                                                                                       :   **RESPONSES TO PLAINTIFF'S**
EXPRESS SCRIPTS, INC.,                                        :   **FIRST SET OF**
                                                                                       :   **INTERROGATORIES**
          Defendant.                                                :
-------------------------------------------------------------------X

       Defendant Express Scripts, Inc. hereby responds to the First Set of Interrogatories from Plaintiff New York City Transit Authority ("Plaintiff" or "NYCTA").

## RESPONSE TO PLAINTIFF'S INSTRUCTIONS & DEFINITIONS

       1.     Express Scripts objects to each Interrogatory to the extent it asks Express Scripts to identify persons with knowledge other than Express Scripts employees and agents. Express Scripts cannot state with any degree of certainty what knowledge is possessed by employees and representatives of NYCTA, AON, or other organizations. Express Scripts' responses to these Interrogatories will be limited to identifying Express Scripts' employees and agents.

       2.     Express Scripts objects to Plaintiff's Instructions and Definitions to the extent they exceed or call for a greater response, or have a broader or different meaning or definition, than required by or defined in the Federal Rules of Civil Procedure and this Court's Local Rules.

       3.     Express Scripts also objects to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other legally cognizable privilege, protection, or immunity. Express Scripts incorporates this objection into its response to each Interrogatory, and it will provide a privilege log compliant with the Federal

Rules of Civil Procedure and this Court's Local Rules in support of its assertion of privilege on specific documents.

4. To the extent words and phrases in Plaintiff's Interrogatories were undefined, Express Scripts employed the definition and meaning of the words and phrases as used in Plaintiff's Amended Complaint and/or the parties' contract.

## INTERROGATORIES

**1. Identify each Person with knowledge about "the protocols and procedures in place to help capture and reduce potential fraud, waste, and abuse," as admitted in paragraph 36 of the Answer, that Express Scripts applies across its client portfolio.**

**Response:** Express Scripts objects to this Interrogatory as seeking information outside its control to the extent it asks Express Scripts to identify persons other than Express Scripts' employees or agents, as Express Scripts lacks sufficient information to state with certainty what knowledge is possessed by employees and agents of NYCTA or other entities. Express Scripts further objects to this Request as vague and ambiguous, as it is unclear whether it is asking for the identification of all persons with knowledge of simply the mere existence of the general contours of Express Scripts' fraud, waste, and abuse services, or whether it is asking for the identity of those individuals with specific knowledge about specific details.

Express Scripts states that all persons employed on any of its sales and account teams have general knowledge about the fraud, waste, and abuse program and the services it offers to clients. Because Express Scripts has thousands of persons employed on sales and account teams, it objects to identifying each person, as such a process is overly burdensome and their identities are not relevant to any claim or dispute in this case. The identities of the persons on NYCTA's sales and account team are identified in response to Interrogatory No. 3. Express Scripts anticipates that any number of employees working throughout its organization in any number of

roles also would have general knowledge about the existence of the fraud, waste, and abuse program and a general idea of the services offered under that program.

All Express Scripts' employees working on the fraud, waste, and abuse, pharmacy audit, and pharmacy credentialing teams have more specific knowledge about the protocols and procedures in place to address potential pharmacy fraud, waste, and abuse.  Express Scripts objects to identifying each employee who served on one of those teams over the five-year time period of these Interrogatories, as the identity of those having no contact with NYCTA are not relevant to any claim or dispute in this case (for those having contact on NYCTA issues, see Express Scripts' response to Interrogatory No. 3).  Upon NYCTA's request, Express Scripts can identify a corporate representative to speak to the subject matter of this Interrogatory, with that person speaking for Express Scripts and its employees with knowledge, making identification of the potentially 100+ persons in this category unnecessary and overly burdensome.

**2.     Identify each Person with knowledge about the "enhanced fraud, waste, and abuse program," as admitted in paragraph 41 of the Answer, including the "advanced analytics and services to help clients control costs and curtail inappropriate drug use," that Express Scripts applies across its client portfolio.**

**Response:** Express Scripts objects to this Interrogatory as seeking information outside its control to the extent it asks Express Scripts to identify persons other than Express Scripts' employees or agents, as Express Scripts lacks sufficient information to state with certainty what knowledge is possessed by employees and agents of NYCTA or other entities.  Express Scripts further objects to this Request as vague and ambiguous, as it is unclear whether it is asking for the identification of all persons with knowledge of simply the mere existence of the general contours of Express Scripts' enhanced fraud, waste, and abuse services, or whether it is asking for the identity of those individuals with specific knowledge about specific details.

Express Scripts states that all persons employed on any of its sales and account teams have general knowledge about the enhanced fraud, waste, and abuse program and the services it offers to clients. Because Express Scripts has thousands of persons employed on sales and account teams, it objects to identifying each person, as such a process is overly burdensome and their identities are not relevant to any claim or dispute in this case. The identities of the persons on NYCTA's sales and account team are identified in response to Interrogatory No. 3. Express Scripts anticipates that any number of employees working throughout its organization in any number of roles also would have general knowledge about the existence of the enhanced fraud, waste, and abuse program and a general idea of the services offered under that program.

All Express Scripts' employees working on the fraud, waste, and abuse, pharmacy audit, and pharmacy credentialing teams have more specific knowledge about the protocols and procedures in place to address potential pharmacy fraud, waste, and abuse, including the enhanced fraud, waste, and abuse program. Express Scripts objects to identifying each employee who served on one of those teams over the five-year time period of these Interrogatories, as the identity of those having no contact with NYCTA are not relevant to any claim or dispute in this case (for those having contact on NYCTA issues, see Express Scripts' response to Interrogatory No. 3). Upon NYCTA's request, Express Scripts can identify a corporate representative to speak to the subject matter of this Interrogatory, with that person speaking for Express Scripts and its employees with knowledge, making identification of the potentially 100+ persons in this category unnecessary and overly burdensome.

      **3.**    **Identify each Person with knowledge about the application of the protocols and procedures identified in Interrogatories 1 and 2 to the NYCTA prescription drug benefit plan.**

**Response:** Express Scripts objects to this Interrogatory as seeking information outside its control to the extent it asks Express Scripts to identify persons other than Express Scripts' employees or agents, as Express Scripts lacks sufficient information to state with certainty what knowledge is possessed by employees and agents of NYCTA or other entities.

Express Scripts identifies the following current or former Express Scripts employees who it reasonably believes has knowledge about the application of fraud, waste, and abuse protocols to the NYCTA prescription drug benefit plan. All persons identified may be contacted through counsel for Express Scripts.

| Sales and Account Team for NCYTA | |
|---|---|
| Kristie Weinart, Clinical Account Executive | Robin Kelly, Account Executive |
| Patricia Burke, Senior Account Manager | Eric Ruebenacker, Senior Director |
| Ajay Dalal, Senior Clinical Account Executive | Ken Rostkowski, Account Executive |
| Jeff Scott, Vice President and General Manager, Public Sector (Interim) | Mark Wermes, Vice President and General Manager, Public Sector |

| Pharmacy Audit/Fraud, Waste, and Abuse | |
|---|---|
| Steve Rutkowski, Investigator, Fraud, Waste & Abuse Services | Tamara Bickley, Associate Desk Auditor, Network Audit |
| Lisa Hudspeth, Senior Manager, Retail Network Audit | Greg Blais, Network Audit & Compliance |
| Jalah Richardson, Associate Desk Auditor, Network Audit | Jefre Person, Associate Desk Auditor, Network Audit |
| William Biehl, Associate Desk Auditor, Network Audit | Misty Prater, DoD EOB Audit, Retail Network Audit |
| Kandies Bailey, Associate Desk Auditor, Network Audit | Andrea Moscagiruri, Senior Lead Investigator, Fraud, Waste & Abuse Services |
| Lee Messmer, Senior Lead Investigator, Fraud, Waste & Abuse Services | Melanie Jackson, Lead Investigator, Fraud, Waste & Abuse Services |

5

| | |
|---|---|
| MacKenna Mullins, Lead Investigator, Fraud, Waste & Abuse Services | Sherry Persinger, Investigator, Fraud, Waste & Abuse Services |
| Rebecca Healey, Staff Investigator, Fraud, Waste & Abuse Services | Stephanie Benson, Senior Lead Investigator, Fraud, Waste & Abuse Services |
| Ian Magdits, Lead Investigator, Fraud, Waste & Abuse Services | Bryan Kayser, Sr. Business Analyst, Pharmacy SIU |
| Thomas Eich, Investigator, FWA Services | Rebecca Healey, Staff Investigator, Fraud, Waste & Abuse Services |
| Steve Landgraf, Lead Investigator, Fraud, Waste & Abuse Services | Jason Breuer, Investigator, Fraud, Waste & Abuse Services |
| Suzann Cross, Staff Investigator, Fraud, Waste & Abuse Services | Kristy Bush, Staff Investigator Assoc., Fraud, Waste & Abuse Services |
| Renata Taylor, Clinical Pharmacist | |

Additional Express Scripts employees may be identified on documents produced by Express Scripts in response to NYCTA's requests for production of documents.

**4.**    **Identify each Person with knowledge about Fusion Pharmacy, including the volume of compound prescription drugs filled by Fusion Pharmacy; any audits and/or investigations of Fusion Pharmacy practices; any due diligence conducted into Fusion Pharmacy in connection with its inclusion in the Express Scripts network of pharmacies; and any decision to exclude Fusion Pharmacy from its network of pharmacies.**

**Response:** Express Scripts objects to this Interrogatory as seeking information outside its control to the extent it asks Express Scripts to identify persons other than Express Scripts' employees or agents, as Express Scripts lacks sufficient information to state with certainty what knowledge is possessed by employees and agents of NYCTA or other entities. Express Scripts further objects to the phrase "volume of compound prescription drugs" as vague and ambiguous, as the phrase could be interpreted to be seeking the identity of any persons with knowledge of

6

even a single claim filled by Fusion Pharmacy, or as seeking the identity of persons with knowledge of some unspecified size of claims filled.

Express Scripts reasonably believes that its pharmacy credentialing team as well as the following Express Scripts employees have knowledge about audits and investigations into Fusion Pharmacy; its exclusion from NYCTA's network of pharmacies; and the credentialing of Fusion Pharmacy. To the extent Fusion Pharmacy processed an unusual volume of prescriptions in any respect (which Express Scripts does not admit), the individuals identified below would be the Express Scripts employees possessing such knowledge. All employees can be identified through counsel for Express Scripts.

| Sales and Account Team for NCYTA ||
|---|---|
| Kristie Weinart, Clinical Account Executive | Robin Kelly, Account Executive |
| Patricia Burke, Senior Account Manager | Eric Ruebenacker, Senior Director |
| Ajay Dalal, Senior Clinical Account Executive | Ken Rostkowski, Account Executive |
| Jeff Scott, Vice President and General Manager, Public Sector (Interim) | Mark Wermes, Vice President and General Manager, Public Sector |

| Pharmacy Audit/Fraud, Waste, and Abuse ||
|---|---|
| Steve Rutkowski, Investigator, Fraud, Waste & Abuse Services | Tamara Bickley, Associate Desk Auditor, Network Audit |
| Lisa Hudspeth, Senior Manager, Retail Network Audit | Greg Blais, Network Audit & Compliance |
| Jalah Richardson, Associate Desk Auditor, Network Audit | Jefre Person, Associate Desk Auditor, Network Audit |
| William Biehl, Associate Desk Auditor, Network Audit | Misty Prater, DoD EOB Audit, Retail Network Audit |
| Kandies Bailey, Associate Desk Auditor, Network Audit | Thomas Eich, Investigator, FWA Services |

7

| Bryan Kayser, Sr. Business Analyst, Pharmacy SIU | |

Additional Express Scripts employees may be identified on documents produced by Express Scripts in response to NYCTA's requests for production of documents.

**5. Identify each Person with knowledge about Dr. Mitchell Cohen, including the volume of prescriptions for compound medications authorized by Dr. Cohen and/or any formal or informal investigation conducted into Dr. Cohen.**

**Response:** Express Scripts objects to this Interrogatory as seeking information outside its control to the extent it asks Express Scripts to identify persons other than Express Scripts' employees or agents, as Express Scripts lacks sufficient information to state with certainty what knowledge is possessed by employees and agents of NYCTA or other entities. Express Scripts further objects to the phrase "volume of compound medications" as vague and ambiguous, as the phrase could be interpreted to be seeking the identity of any persons with knowledge of even a single prescription written by Dr. Cohen, or as seeking the identity of persons with knowledge of some unspecified number of prescriptions written.

Express Scripts reasonably believes that the following Express Scripts employees have knowledge about investigations into Dr. Cohen, and NYCTA's blocking of Dr. Cohen. To the extent Dr. Cohen wrote an unusual volume of prescriptions in any respect (which Express Scripts does not admit), the individuals identified below would be the Express Scripts employees possessing such knowledge. All employees can be identified through counsel for Express Scripts.

| Sales and Account Team for NCYTA ||
|---|---|
| Kristie Weinart, Clinical Account Executive | Robin Kelly, Account Executive |

8

| | |
|---|---|
| Patricia Burke, Senior Account Manager | Eric Ruebenacker, Senior Director |
| Ajay Dalal, Senior Clinical Account Executive | Ken Rostkowski, Account Executive |
| Jeff Scott, Vice President and General Manager, Public Sector (Interim) | Mark Wermes, Vice President and General Manager, Public Sector |

| **Fraud, Waste, and Abuse** ||
|---|---|
| Thomas Eich, Investigator, FWA Services | Rebecca Healey, Staff Investigator, Fraud, Waste & Abuse Services |
| Lee Messmer, Senior Lead Investigator, Fraud, Waste & Abuse Services | Steve Landgraf, Lead Investigator, Fraud, Waste & Abuse Services |
| Renata Taylor, Clinical Pharmacist | Jason Breuer, Investigator, Fraud, Waste & Abuse Services |
| Suzann Cross, Staff Investigator, Fraud, Waste & Abuse Services | Kristy Bush, Staff Investigator Assoc., Fraud, Waste & Abuse Services |

Additional Express Scripts employees may be identified on documents produced by Express Scripts in response to NYCTA's requests for production of documents.

**6.    Identify each Person with knowledge about the volume of compound prescription drugs filled by individual pharmacies in Express Scripts' network of pharmacies, including how the volume of compound prescription drugs filled by Fusion Pharmacy compare to other pharmacies in the Express Scripts network.**

<u>Response:</u> Express Scripts objects to this Interrogatory as seeking information outside its control to the extent it asks Express Scripts to identify persons other than Express Scripts' employees or agents, as Express Scripts lacks sufficient information to state with certainty what knowledge is possessed by employees and agents of NYCTA or other entities. Express Scripts further objects to the phrase "volume of compound prescription drugs" as vague and ambiguous, as the phrase could be interpreted to be seeking the identity of any persons with knowledge of

9

even a single prescription filled by any pharmacy in Express Scripts' network, or as seeking the identity of persons with knowledge of some unspecified number of prescriptions filled.

Express Scripts states that its employees on the fraud, waste, and abuse team can review and compare the volume of prescription drug claims submitted by different pharmacies. Express Scripts objects to identifying each employee who served on this team over the five-year time period of these Interrogatories, as the identity of those having no contact with NYCTA are not relevant to any claim or dispute in this case (for those having contact on NYCTA issues, see Express Scripts' response to Interrogatory No. 3). Upon NYCTA's request, Express Scripts can identify a corporate representative to speak to the subject matter of this Interrogatory, with that person speaking for Express Scripts and its employees with knowledge, making identification of the potentially 100+ persons in this category unnecessary and overly burdensome.

**7.     Identify each Person with knowledge about the NYCTA prescription drug benefit plan, including the scope of coverage under the plan.**

**Response:** Express Scripts objects to this Interrogatory as seeking information outside its control to the extent it asks Express Scripts to identify persons other than Express Scripts' employees or agents, as Express Scripts lacks sufficient information to state with certainty what knowledge is possessed by employees and agents of NYCTA or other entities. Express Scripts further objects to the phrase "NYCTA prescription drug benefit plan" as vague and ambiguous, as the phrase could be interpreted to be seeking the identity of any persons with knowledge of even a single prescription drug claim submitted to Express Scripts for payment from any pharmacy on behalf of any NYCTA member.

Express Scripts reasonably believes that the following Express Scripts employees have interacted and examined NYCTA's benefit plan in reasonable detail:

10

| Sales and Account Team for NCYTA | |
|---|---|
| Kristie Weinart, Clinical Account Executive | Robin Kelly, Account Executive |
| Patricia Burke, Senior Account Manager | Eric Ruebenacker, Senior Director |
| Ajay Dalal, Senior Clinical Account Executive | Ken Rostkowski, Account Executive |
| Jeff Scott, Vice President and General Manager, Public Sector (Interim) | Mark Wermes, Vice President and General Manager, Public Sector |

| Employees Working on RFP Proposal | |
|---|---|
| Barry Rosenthal, Vice President, Sales, Government and Labor | Mark Wermes, Vice President and General Manager, Public Sector |
| Dave Audie, Senior Director, Clinical Account Management | Laura Crawn, Director, Product Management, Medicare |
| Kevin Klaric, Project Manager, Finalist Team, Account Management Services | |

Additional Express Scripts employees who worked on issues relating to the NYCTA plan may be identified on documents produced by Express Scripts in response to NYCTA's requests for production of documents.

**8.    Identify each Person with knowledge about the compound prescription drug fraud committed under the Tricare prescription drug benefit plan, including: (i) the rise in compound prescription drug expenditures under the Tricare plan from 2014 to 2015; (ii) the United States Department of Justice's criminal investigation into the compound prescription fraud committed under the Tricare plan and subsequent indictments; (iii) the application of any of the protocols and procedures identified in Interrogatories 1 and 2 to the Tricare plan; and (iv) any changes to the protocols and procedures identified in Interrogatories 1 and 2 as a result of the compound prescription fraud committed under the Tricare plan.**

<u>Response:</u> Express Scripts objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information not relevant to any claim or defense in the case. Plaintiff's claims relate to allegedly fraudulent compound claims submitted under the NYCTA's

11

prescription drug benefit plan, not under the Tricare plan. NYCTA referenced the Tricare program in its Amended Complaint to show Express Scripts' knowledge of compound drug fraud, but Express Scripts admitted in its Answer that it had concerns about compound drug fraud, excess, and abuse. In light of this admission, Plaintiff does not require information about Tricare in order to prove Express Scripts' knowledge about compound drug fraud. Express Scripts' performance under its contract with a different entity, its knowledge about compound drug expenditures under that different plan in 2014 and 2015 (the year before Express Scripts' contract with NYCTA began), and its knowledge about investigations conducted by the federal government into fraud committed unrelated to the NCYTA are completely unrelated to NYCTA's allegations as set forth in Amended Complaint and Express Scripts' objections thereto. Identifying every Express Scripts employee with knowledge of the subject matter of this Interrogatory is overly broad and unduly burdensome, especially in proportion to the complete lack of relevance of the subject matter.

DocID: 4822-8841-0542.1

Dated: New York, New York
December 9, 2019

**HUSCH BLACKWELL LLP**

By: _s/Christopher A. Smith_
    Christopher A. Smith, *Admitted Pro Hac Vice*
    Sarah C. Hellmann, *Admitted Pro Hac Vice*
    Matthew D. Knepper, *Admitted Pro Hac Vice*
    Mohsen Pasha, *Admitted Pro Hac Vice*
    190 Carondelet Plaza, Suite 600
    St. Louis, MO  63105
    P: (314) 480-1500
    F: (314) 480-1505
    chris.smith@huschblackwell.com
    sarah.hellmann@huschblackwell.com
    matt.knepper@huschblackwell.com
    mohsen.pasha@huschblackwell.com

    Michelle L. Merola
    Robert J. McLaughlin
    Carmine J. Castellano
    HODGSON RUSS, LLP
    605 Third Avenue, Suite 2300
    New York, NY 10158
    P: (212) 751-4300
    mmerola@hodgsonruss.com
    rmclaughlin@hodgsonruss.com
    ccastellano@hodgsonruss.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 9th day of December, 2019, the foregoing was served by electronic mail upon all counsel of record.

/s/   Christopher A. Smith

13